HARRY D. SIMPSON, Lib't., *vs.* MAE C. SIMPSON.

Kennebec.    Opinion March 11, 1920.

*Divorce. Motion to set aside the verdict. Statute governs. Exceptions.*

In a libel for divorce for desertion, a jury trial was had under R. S., Chap. 65, Sec. 8, and in answer to submitted questions the jury found the allegation of desertion to be true, and that a divorce should be granted. The presiding Justice thereupon signed a decree of divorce, and the libelee then filed a general motion addressed to the Law Court asking that the verdict be set aside and a new trial granted.

*Held:*

That this court has no authority to entertain this motion. The only remedy under the existing facts was by bill of exceptions.

This is a libel for divorce. After the jury found the allegation of desertion to be true, and a decree was accordingly signed, the libelee filed a general motion to have the verdict set aside, and a new trial granted, on which motion the cause came before the Law Court. Motion dismissed.

Case stated in the opinion.

*Carl C. Jones,* for libelant.

*Harry Manser,* for libelee.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

CORNISH, C. J. This is a libel for divorce. The sole cause alleged is desertion. A jury trial was had under R. S., Chap. 65, Sec. 8, and in answer to submitted questions the jury found the allegation of desertion to be true and that a divorce should be granted. The presiding Justice thereupon signed the decree and the libelee then filed a general motion praying that the verdict be set aside and a new trial granted, on which motion the cause is now before the Law Court.

, Counsel for libelant contends at the outset that the Law Court has no authority to entertain this motion, and that the only remedy is by bill of exceptions. This contention is sound. Such power does not subsist in the Law Court either at common law or under the statute.

The common law knows no right of appeal. A single Justice in a court of common law jurisdiction had and has the inherent right to set aside a verdict in an action tried before him. That was the only method by which a new trial could be granted at common law, and it so remained until statutory provisions extended the right of appeal and changed the practice. *State* v. *Hill*, 48 Maine, 24; *Brown* v. *Moore*, 79 Maine, 216. But our Law Court is not a court of common law jurisdiction, and therefore has no inherent power to grant new trials. It is purely a creature of statute and as such can hear and determine only those matters authorized by statute and brought to it through the statutory course of procedure. It follows that the Law Court has no common law jurisdiction over this motion from the court at nisi prius.

Nor do we find any statute authorizing the procedure taken here. The cases and as the statute itself states, the "only" cases that can come before the Law Court are specified in R. S., Chap. 82, Sec. 46, and these are: "Cases in which there are motions for new trials upon evidence reported by the Justice; questions of law arising on reports of cases; bills of exceptions; agreed statements of facts; cases civil or criminal, presenting a question of law; all questions arising in equity cases; motions to dissolve injunctions issued after notice and hearing or continued after a hearing; questions arising on writs of habeas corpus, mandamus and certiorari, when the facts are agreed on, or are ascertained and reported by a Justice."

The pending cause falls within none of these provisions unless it be the first, "Cases in which there are motions for new trials upon evidence reported by the Justice." The procedure is regulated by R. S., Chap. 87, Sec. 57, viz: "When a motion is made in the Supreme Judicial Court to have a verdict set aside as against law or evidence, a report of the whole evidence shall be signed by the presiding Justice or authenticated by the certificate of the official court stenographer." These provisions evidently refer to actions at law in which a verdict has been rendered in the ordinary form, and not to libels for divorce. While proceedings in divorce are civil in their nature as distinguished from criminal, yet they are ecclesiastical in their origin, are regulated

entirely by statute, and cannot be classed as civil actions or cases. This point is fully discussed by Chief Justice Shaw in *Lucas* v. *Lucas,* 3 Gray, 136, where it was held that writ of review, grantable under the Massachusetts statute in all civil actions, would not lie to revise a decree dismissing a libel for divorce.

Another and conclusive reason why this motion cannot lie in the proceedings under consideration is this: A general motion for a new trial in civil actions is made and entered after the verdict of the jury and before the judgment of the court is rendered. Judgment is deferred until a verdict is found and stands unreversed. If the motion is granted in a given case a new trial is had. If the motion is denied the verdict stands and judgment follows automatically. The motion filed in this case follows the ordinary form and reads, "And now said Mae C. Simpson after verdict against her and before judgment, moves that said verdict be set aside and a new trial granted" &c. This is not true. Here the motion was filed after both the findings of the jury and the judgment by the court, because the decree signed by the court was in the nature of a judgment. It was therefore filed not before judgment but after judgment, and the only remedy was by exceptions, to test the correctness of the ruling of the court. The situation is similar to that when a presiding Justice, in an ordinary civil action at law, submits certain findings to the jury, and on the strength of those findings orders judgment for plaintiff or defendant. Under such conditions, a question of law is raised and the losing party must seek his remedy not by motion for new trial but through exceptions to the ruling of the court ordering judgment. So here the libelee should have filed exceptions to the ruling of the presiding Justice granting the divorce which constitutes the judgment, making the evidence a part of the exceptions. That was the procedure in the case of *Sweet, Lib't* v. *Sweet,* very recently decided by this court. See also *Scolardi* v. *Scolardi,* 108 At., 651 R. I., (1920). The Law Court is open to exceptions in libels for divorce as in civil actions because R. S., Chap. 82, Sec. 46, expressly includes "bills of exceptions," and there are many such instances; thus on exceptions to rulings on matters of evidence, *Sullivan* v. *Sullivan,* 92 Maine, 84; to dismissal of the libel because it did not present a case within the jurisdiction of the court, *Goodwin* v. *Goodwin,* 45 Maine, 377; *Stewart* v. *Stewart,* 78 Maine, 548; to a ruling sustaining a demurrer, *Holyoke* v. *Holyoke,* 78 Maine, 404.

*Thompson* v. *Thompson*, 79 Maine, 286, cited by libelant is not strictly in point. That case was heard by the presiding Justice, and not by a jury, and the court held that the finding of facts by the judge could not be attacked by motion, but only by exceptions. "In matters of law the proper practice is to take the case up by exceptions, even though the objection is to the final ruling granting the divorce. In which case the presiding Justice reports the facts as he finds them or in some cases the testimony upon which he grounds his conclusion, and thus is distinctly presented the question, whether as a matter of law he has committed an error." The same practice should follow the signing of the decree in jury tried cases.

The only other statute that needs consideration is R. S., Chap. 65, Sec. 11, which provides that "within three years after judgment on a libel for divorce, a new trial may be granted as to the divorce when the parties have not cohabited, nor either contracted a new marriage since the former trial."

That statute has no application to a motion filed in a pending libel at the term when the divorce is granted. It contemplates a subsequent and distinct proceeding brought on a new petition, served on the other party, entered at a subsequent term, and heard by the court at nisi prius, whence it may be taken to the Law Court on exceptions. It partakes somewhat of the nature of a review of the prior proceedings, enacted perhaps because the ordinary petition for review cannot be invoked. It has been employed to seek a change of alimony, *Merrill, Pet'r* v. *Shattuck*, 55 Maine, 374; to amend decree fraudulently obtained and to alter decree as to alimony, *Henderson* v. *Henderson*, 64 Maine, 419; to annul a decree of divorce fraudulently obtained, *Holmes* v. *Holmes*, 63 Maine, 420; *Lord* v. *Lord*, 66 Maine, 265. In *Hills* v. *Hills*, 76 Maine, 486, the petition so far as it asked to have the merits of the original divorce hearing considered was denied, but so far as alimony and custody were concerned, was entertained because those were "revisable matters." Referring to *Holmes* v. *Holmes* and *Lord* v. *Lord*, supra, Chief Justice Peters said: These "were cases in which the Court recognized the existence of a right not to grant a new trial but to wholly annul a decree for a fraud practiced upon the Court in obtaining a jurisdiction for divorce." This statute does not authorize the motion in the pending case.

In conclusion it should be added that our attention has been called to no reported case, and a diligent search on our part has revealed none where a general motion under like proceedings was brought to and entertained by this court. The fact that these proceedings are unprecedented, and that such practice has never before been adopted nor recognized in this State, is convincing evidence of the accepted professional view of the law.

*Motion dismissed.*