GUSTAV F. HEIM *vs.* SARGENT S. COLEMAN ET AL.

Oxford.    Opinion November 19, 1926.

*In cases tried before a single justice it has usually been considered that his findings upon matters of fact are conclusive, and that errors of law must be presented by a bill of exceptions.*

*A stipulation made before the Law Court, regarding exceptions taken in the court below, does not constitute a proper bill of exceptions.*

*A bill of exceptions must set forth enough to show that its points are material, and that material error occurred; it must be specific, giving distinctly the grounds of complaint, and not of a wholesale character.*

*The Law Court, in this state, is not a constitutional court, but one created by statute, and has that jurisdiction only which the statute has conferred upon it, and that is a limited jurisdiction.    The court cannot properly extend its statutory powers.*

*The Supreme Court, sitting in banc as a court of law, is not a court of original jurisdiction and cannot grant leave to amend.*

In this case no proper bill of exceptions being before the court, and a motion for a new trial not being the correct procedure, the motion must be dismissed.

On motion for new trial by plaintiff.    An action of debt on a bond given by defendant, Sargent S. Coleman, as principal, and Fidelity & Deposit Company of Maryland, as surety, to plaintiff to secure the performance of the conditions of a written contract for the construction of certain camp buildings, entered into on October 22, 1923, by plaintiff and defendant, Sargent S. Coleman, who became a bankrupt. The surety company contended that the parties to the written contract had departed from its terms resulting in extra work and additional construction for which it was not holden.    The cause was heard by the presiding Justice who found for the defendant and plaintiff filed a general motion for a new trial.    Motion dismissed.

The case is sufficiently stated in the opinion.

*Hastings & Son,* for plaintiff.

*A. J. Stearns,* for Sargent S. Coleman.

*W. G. Conary,* for Fidelity and Deposit Company of Maryland.

SITTING: WILSON, C. J., PHILBROOK, DEASY, STURGIS, BASSETT, JJ., MORRILL, A. R. J.

PHILBROOK, J.　This case was heard by a single justice, the docket entry showing, "Hearing before Court without intervention of jury with rights of appeal to Law Court." The Justice below made a finding for the defendant and the plaintiff filed a motion for a new trial upon the grounds usually alleged in a case where there has been a jury trial.

In cases tried before a single justice it has usually been considered that his findings upon matters of fact are conclusive, and that errors of law must be presented by a bill of exceptions. *Thompson* v. *Thompson,* 79 Maine, 286.

When the case was about to be argued before this court the irregularity of procedure became apparent and thereupon the following stipulation was presented, signed by counsel for all the parties, and allowed and assented to by the Justice presiding below.

STIPULATION.

In as much as it now appears that the docket entries in said case are not in accordance with the fact, and insufficient to give the Law Court jurisdiction to hear the above entitled matter:

It is mutually agreed between counsel for all parties hereto that the record of the printed case shall be taken to read;

"Exceptions taken below to all questions of law material to the decision of the presiding justice as rendered. Failure to seasonably perfect exceptions waived, same to be taken as perfected upon filing in the Law Court of this stipulation assented to by the presiding justice below." It is further mutually agreed that argument shall be in writing on both sides under the rule 30-30-10. Dated this thirteenth day of June, 1926.

The Law Court in this state is not a constitutional court, but is one created by statute, and has that jurisdiction only which the statute has conferred upon it and that is a limited jurisdiction. It has no other authority. . . . The court cannot properly extend its statutory powers: *Stenographer Cases,* 100 Maine, 275; *Mather* v. *Cunningham,* 106 Maine, 115.

The Supreme Court, sitting *in banc*, as a court of law, is not a court of original jurisdiction, and cannot grant leave to amend. *Baker* v. *Johnson*, 41 Maine, 15; *Crocker* v. *Craig*, 46 Maine, 327; *Mather* v. *Cunningham*, supra. *State* v. *Dondis*, 111 Maine, 17.

But further difficulty awaits the plaintiff because, even after the so-called stipulation was filed, he has not presented a proper bill of exceptions. From this stipulation to a bill of exceptions is a far cry. It is such well settled law as to need no supporting citations that the bill of exceptions must set forth enough to show that its points are material and that material error occurred; that it must be specific, giving distinctly the grounds of complaint, and not of a wholesale character.

There is no proper bill of exceptions before us, and as the motion for a new trial is not the correct procedure the mandate will be

*Motion dismissed.*