MABEL ARVILLA TUCK, APPELLANT

FROM

DECREE OF JUDGE OF PROBATE

*vs.*

ELLERY A. BEAN.

Androscoggin. Opinion June 15, 1931.

*E. R. Parent,*
*F. H. Lancaster,* for plaintiff.
*Frank A. Morey,* for defendant.

278

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

STURGIS, J. In the Probate Court of original jurisdiction, the defendant's private claim against the estate of Jennie M. Knowlton, late of Lewiston, deceased, of which he was administrator, was allowed as a credit in his final account. On appeal to the Supreme Court of Probate, the claim was disallowed. The case is here on exceptions, accompanied by a general motion for a new trial and an appeal.

The exceptions only can be considered. A decree of a Justice of the Supreme Court of Probate, under the statutes of this state, can not be reviewed by this court on a general motion for a new trial. *Look, Appellant*, 129 Me., 359. Nor can it be considered on appeal. It must be brought forward on exceptions. *Cotting* v. *Tilton*, 118 Me., 91.

The defendant's first and second exceptions show no prejudice. They were reserved to the exclusion of questions asked the attending physician concerning the value or the usual price paid for the care given the defendant's intestate in her last illness. If the exclusion of these questions was error, it was cured by the physician's subsequent testimony, in which this value was fully stated.

Neither the defendant nor his wife were allowed to testify in support of his private claim against the estate nor to refute statements alleged to have been made by them in the intestate's lifetime. This was not error. The statute, allowing parties to be witnesses, in express terms is made not to apply to cases where one of the parties is an administrator or executor, except in certain cases there specified and not here involved. R. S., Chap. 96, Secs. 114, 119. The competency of witnesses not bringing themselves within these exceptions is governed by the rule of the common law. *Insurance Co.* v. *Foss*, 124 Me., 399; *Weed* v. *Clark*, 118 Me., 466; *Sherman* v. *Hall*, 89 Me., 411. They are disqualified by reason of interest and neither husband nor wife can testify for the other.

This common law rule applies to cases where an executor or administrator is prosecuting his private claim against the estate which he represents. He can not testify in his own behalf in support of his private claim against the estate which he nominally repre-

-sents but which, in such an instance, is the real defendant against which he is proceeding as plaintiff. *Preble* v. *Preble*, 73 Me., 362; *Ela* v. *Edwards*, 97 Mass., 318. By parity of reasoning, he is barred from refuting statements attributed to him as made before the death of his intestate, as in the analogous cases of *Weed* v. *Clark* and *Sherman* v. *Hall*, supra. His wife's testimony as to both these matters must be held equally incompetent.

The remaining exceptions, directed only to the competency of the defendant and his wife as witnesses, must be overruled, and the entry is,

*Exceptions overruled.*
*Motion for a new trial overruled.*
*Appeal dismissed.*