ELWIN J. KELLEY,

APPELLANT FROM DECREE OF JUDGE OF PROBATE.

Kennebec.    Opinion, August 13, 1938.

*Grover Welch*, for appellant.
*William H. Niehoff*, for appellee.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MAN-SER, JJ.

DUNN, C. J.   A wife petitioned the Probate Court, under R. S., Chap. 74, Sec. 9, as amended by P. L. 1933, Chap. 36, that it order her husband to contribute to the support of their minor child.

After notice and hearing, the court decreed that, beginning with the fifteenth day of October, 1935, and continuing until otherwise ordered, the respondent pay his wife, for the child, three dollars weekly.

Two years later, on petition to enforce compliance, citation issued to the respondent, to appear and show cause why he should not be adjudged in contempt of court.

The proceeding was not one to preserve the power and vindicate the dignity of the court, nor for an act tending to obstruct the administration of justice, but, supplementary to the original decree, by virtue of statutory provision, purely and simply to coerce the paying of due and unpaid instalments of money.

The case being in readiness, the court took proof.

To the extent of sixty-six dollars, delinquency was determined. The fact thus ascertained was not more definitely set down. The printed record disclosed judgment of contempt of court, but no consequences to the contemnor. The mandate appears to have been: Let mittimus issue as prayed for. That mittimus issued is not, however, on the record.

The respondent made an appeal. Appeals lie to the Superior Court. R. S., *supra*, as amended.

In the appellate court, contention by appellee, that the adjudication of contempt was nonappealable, failed.

The husband had, subsequent to the Probate Court decree, and before the petition for auxiliary relief, filed, in the Superior Court,

a libel for divorce, with prayer for custody of the child. R. S., Chap. 73, Sec. 14, as amended by P. L. 1935, Chap. 38.

The appellate court found, as a matter of law, that, apart from support instalments which, when the libel was filed, had, to that time, actually fallen due, filing of the libel precluded further proceedings in the Probate Court.

The case was remanded for corrections accordingly.

To bring matters before this court, a still higher one, for review, appellee had exceptions. The bill was signed by the judge in testimony of its correctness.

Exceptions ordinarily bring up questions of law.

Statute language is necessarily of prime importance on whether or not the case is properly here.

The Supreme Judicial Court, while sitting as a Law Court, has such powers only as are conferred by statute. *Morin* v. *Claflin*, 100 Me., 271, 61 A., 782; *Heim* v. *Coleman*, 125 Me., 478, 135 A., 33; *Crawford* v. *Keegan*, 125 Me., 521, 134 A., 564; *Cheney* v. *Richards*, 130 Me., 288, 155 A., 642.

Regarding the cognizance of this class of cases, statutory provision is, in essence:

In complaining to an upper court, either the Superior Court or the instant one, of injustice done by a subordinate court, procedure shall be an appeal. R. S., Chap. 74, *supra*, as amended.

Appeals, in distinction from exceptions, bring up questions of fact as well as of law.

The statute is binding upon the court, and the parties, alike, and cannot be dispensed with to meet the circumstances of any particular situation. Legislative requisition must be applied the same in all instances which come within it. When lack of jurisdiction is patent, proceedings stop. *Thompson, Appellant*, 114 Me., 338, 96 A., 238. Without jurisdiction, a judgment would be merely void. *Lovejoy* v. *Albee*, 33 Me., 414.

*Case dismissed.*