ANNA MARGARET JONES, APPELLEE

*vs.*

NORMAN BAILEY JONES, APPELLANT.

Kennebec.     Opinion, August 14, 1939.

*McLean, Fogg & Southard,* for appellee.
*Harold W. Hurley,*
*Frank A. Tirrell, Jr.,* for appellant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

HUDSON, J. Proceeding under R. S. 1930, Chapter 73, Section 15, the petitioner, Anna Margaret Jones, seeks to have the Court determine the validity of the marriage she contracted with the respondent, Norman Bailey Jones, in Portsmouth, New Hampshire, on April 7, 1938. She prays that it may be either annulled or affirmed according to proof.

The justice below affirmed it. He ruled that the petitioner was legally divorced from her prior husband, Percy N. Hill, on April 6, 1938, and contracted a valid marriage on the following day. To these rulings the respondent excepted.

The petitioner sued Mr. Hill in divorce on February 11, 1938 by libel returnable to the March Term, 1938, of the Superior Court in Cumberland County. It was heard on April 6, 1938, the second day of the next term. On the following day, April 7, she was married

to the respondent. The divorce decree was not signed and filed in court until April 18, 1938, the twelfth and last day of the term.

In Cumberland County a jacket for the enclosure of papers, made under the supervision of the clerk for convenience of his office and the court, is ordinarily if not always made use of in divorce cases. On the front cover is a form in blank that may be used by the justice if he so desires. No law compels it.·

The justice who heard this divorce case filled in the blank spaces so that it read:

"1938    April    T 2 d    Having had Divorce decreed for cause of cruel and abusive
Custody of minor child to Libellant with right to Libellee to see him at all reasonable times."

He then signed his name and underneath his signature initialed "J. S. C.," for the words "Justice Superior Court." Beneath his signature it read:

"A true copy of the memorandum made on the original jacket for the use of the office of the Clerk of Courts.
Attest:

                            Linwood F. Crockett (Signed)
(Seal)             .                                    Clerk."

Docket entries made by the clerk are:

"Mch. T. 1938
   Apr. T. 1938 2d.    Defaulted.    Hearing Had. ·
                  12 d. (April 18, 1938)    Decree filed.
                        Divorce decreed for cause of cruel and
                        abusive treatment. Care and custody of
                        minor child, Allan D. Hill, given to Liblt.
                        with right to Libellee to see him at all
                        reasonable times."

The question presented is when was the divorce granted,·on April 6 or on April 18. If on the former date, the marriage to the respondent was legal; if on the latter, illegal.

The contention of the appellee is that the signing of the jacket memorandum constituted a judgment or decree and then effected a legal separation.

The issue really is determined by the fact that the record fails to disclose any evidence whatsoever showing when the memorandum was made or signed, whether before or after the marriage. The burden to prove legal separation from her first husband was on the petitioner and this she failed to do.

But even if it could be inferred from facts proven that the memorandum was made and signed before the marriage, on April 7, we think that in any event the divorce did not take place until April 18.

The right of the court to divorce is wholly statutory. *Stratton* v. *Stratton, Admr.*, 77 Me., 373, 377; *Stewart* v. *Stewart*, 78 Me., 548, 551, 7 A., 473.

Section 2 of Chapter 73, R. S. 1930 provides: "A divorce from the bonds of matrimony *may be decreed....*" (Italics ours.)

". . . the severance of the marriage tie by divorce is accomplished by a decree of court and by that alone." *Bernatavicius* v. *Bernatavicius*, 259 Mass., 486, 488; 17 Am. Jur., Section 424, page 356.

And yet, as stated in *Simpson, Lib't* v. *Simpson*, 119 Me., 14, on page 16, 109 A., 254, a decree of divorce is in the nature of a judgment. Although a judgment is sometimes said to be distinguishable from a decree (2 Daniell Ch. Pr., 986; 1 Black on Judgments, Section 1; 23 Cyc., Section 2, page 666; Bouvier's Law Dictionary, Baldwin's Century Edition 1934, page 279), it is not necessary here to determine whether this signed memorandum constituted strictly a judgment or decree, for we think it constituted neither.

To constitute either, there must be a then existing intent to take final judicial action on the issue presented. Mr. Freeman in his work on Judgments says in Volume 1, pages 81 and 82:

"But before such a pronouncement should be taken as the judgment it must be clear that it was intended as such and not merely an announcement of the opinion of the court or an indication of what the judgment is to be. In other words, it should be certain that the court intends to pronounce a judgment and not merely to make a preliminary order which is expected to result in a judgment at a later date."

That herein which the appellee claims constituted a judgment or decree was simply a memorandum only for the benefit and future use of the justice, when, at the end of the term, as is ordinary practice in this state, divorce decrees are signed and filed. His purpose whenever he signed it was not *then* to pronounce judgment. The affixture of his signature only verified it as the court's memorandum. It was sketchy and incomplete. It did not even state correctly the ground of divorce. The very fact that on the last day of the term the justice signed and filed a complete, accurately worded, and formal decree tends strongly to show that the court only then spoke in judgment and had not theretofore so spoken. If the memorandum had been intended by the court as a then pronouncement of his judgment, there was no necessity for the later decree.

In her petition Mrs. Jones states that after her marriage to Mr. Jones on April 7, aforesaid, they lived together as husband and wife and "that she is now with child by the said Jones" and prays to have the status of her unborn child determined. The record, however, contains no evidence to show that she ever bore a child by the respondent. In the decision by the justice below, no mention is made of such a child. Furthermore, this point is not argued in briefs of counsel and is not set forth in the bill of exceptions. Consequently, we do not consider and determine the question as to the status of such a child if one were in fact born.

Counsel argued the applicability to divorce actions of Rule of Court XXX, entitled Day of Rendition of Judgment, and which provides:

"All judgments on whatever day given shall date and be entered as of the last day of the term unless upon written motion stating the reason therefor an earlier day be specially ordered."

This we need not and do not decide.

The appellee claimed that the bill of exceptions was not filed within the statutory period (R. S. 1930, Chapter 96, Section 39), but it was. Judgment below was rendered on February 4, 1939 and these exceptions were filed on the last of the thirty days, to wit, March 6th.

It is also claimed by the appellee that the exceptions were inade-

quate. The law as to adequacy of exceptions has been so recently and so many times stated that we feel it necessary now only to say that these exceptions were adequate.

*Exceptions sustained.*