LLOYD W. TOZIER, COLL. *vs.* GEORGE L. WOODWORTH AND LAND.

LLOYD W. TOZIER, COLL. *vs.* MADELINE P. WOODWORTH AND LAND.

LLOYD W. TOZIER, COLL. *vs.* MINNIE McL. WOODWORTH AND LAND.

LLOYD W. TOZIER, COLL. *vs.* MINNIE McL. WOODWORTH AND LAND.

LLOYD W. TOZIER, COLL. *vs.* GEORGE L. WOODWORTH AND LAND.

LLOYD W. TOZIER, COLL. *vs.* GEORGE L. WOODWORTH AND LAND.

Waldo.     Opinion, January 16, 1940.

*Francis W. Sullivan,* for plaintiff.
*Paul L. Woodworth,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

STURGIS, J. These six cases were tried together before the Justice presiding at a term of the Superior Court with jury waived. By agreement of counsel, they were presented as one case and argued together.

The actions were brought under R. S., Chap. 14, Sec. 28, to enforce alleged liens for taxes assessed in 1937 by the Assessors of the Town of Unity upon interests in real estate there situate and accurately described in the respective assessments. The assessors had jurisdiction to so assess, and the defendants were severally assessable. In each case, the justice found the plaintiff entitled to judgment both as against the defendant and the real estate attached, in the amounts sued for and with costs.

The cases come forward on motions by the defendants to set the decisions aside, and on exceptions. The motions can not be considered. The proper way to review errors of law in a case heard and determined by the court without the aid of jury is, if at all, by exceptions. *Thompson* v. *Thompson,* 79 Me., 286, 291, 9 A., 888; *Heim* v. *Coleman,* 125 Me., 478, 135 A., 33.

The first exceptions relate to the admission in evidence of the warrant for the town meeting at which the assessors were chosen, which was offered as proof of the due election of these officers. Objection was made that the return of the person to whom the warrant was directed was legally insufficient. The original warrant with the return thereon is brought forward with the record. It shows on its back a return written in ink, corrected in ink as to date of posting, interlined, and modified as to punctuation in pencil and attested by a competent officer. This return was stricken out by lines in ink and below is a new return, complete in substance and proper in form, signed by the same officer. No jurat is attached.

A return by the person directed in a warrant for a town meeting

to warn and notify the qualified voters to assemble at the time and place appointed is required by statute. R. S., Chap. 5, Sec. 7. The return is essential to the validity of the meeting and the only proper evidence of its legality. *Blaisdell* v. *Inhabitants of Town of York*, 110 Me., 510, 515, 87 A., 361 ; *Auburn* v. *Water Power Co.*, 90 Me., 71, 78, 37 A., 335. If errors or omissions exist in the return, it may be amended according to fact by the officer whose duty it was to make it correctly. But the amendment must be under oath. R. S., Chap. 5, Sec. 10 ; *Blaisdell* v. *Inhabitants of Town of York*, supra. It is argued on the brief that the last return on the warrant under examination is an amended return, not under oath and invalid on its face. This contention can not be sustained. There is no evidence that the officer did anything more than rewrite his official return while he originally had the warrant. The Court is of the opinion that the return as required by the statute is upon the warrant.

The next exceptions are to the admission of the assessors' valuation book in evidence "for that large classes of property were omitted therefrom." These exceptions must also fail. Had the evidence tended to establish, which it does not, that the assessors purposely and wilfully omitted to tax "large classes of property" liable to taxation, no defendant in these actions would be afforded tenable ground to insist that the whole levy was void, that he himself was not subject to be assessed, or that he was assessed for more property than he was liable for. Overvaluation by reason of undervaluation of the properties of other taxpayers is not a defense to an action for taxes. *Dover* v. *Water Co.*, 90 Me., 180, 38 A., 101 ; *Greenville* v. *Blair*, 104 Me., 444, 72 A., 177 ; *Bucksport* v. *Swazey*, 132 Me., 36, 165 A., 164. The valuation book of the Assessors of Unity was not rendered incompetent as evidence by immaterial omissions.

The final exceptions which are to the findings and judgments of the presiding Justice are without merit. The rules of law governing the cases were properly applied and the findings of fact were supported by credible evidence. Exceptions lie only to errors of law.

In each case, the entry is

> *Motion dismissed this docket to be dismissed below.*
> *Exceptions overruled.*

(DUNN, C. J., having deceased, did not join in this opinion.)