HELEN H. BRONSON, APPELLANT

FROM

DECREE OF JUDGE OF PROBATE.

IN RE ESTATE OF ALBRA A. DENNIS.

Penobscot. Opinion, March 2, 1940.

 

*Bernard Gibbs*, for appellant.
*Stanley F. Needham*, for appellee.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

STURGIS, J. This case arises out of an appeal from the Decree of the Judge of Probate for Penobscot County allowing the second account of William H. Waterhouse, former Trustee under the will of Albra A. Dennis, late of Greenbush, deceased. In the Supreme Court of Probate, the appeal was denied. Exceptions there reserved, accompanied by an appeal to the Law Court, are sent forward for review.

The appeal must be dismissed. A decree of a Justice of the Supreme Court of Probate under the statutes of this state can not be reviewed on appeal. *Tuck* v. *Bean*, 130 Me., 277, 155 A., 277 ; *Cotting* v. *Tilton*, 118 Me., 91, 106 A., 113.

The bill of exceptions recites that at the hearing in the Supreme Court of Probate the appellant offered a certified copy of the inventory which the executor of the estate of the testatrix, Albra A. Dennis, filed in the original administration proceedings and it was excluded and exception noted. What the inventory would have shown does not appear. It should have been printed as a part of the bill of exceptions. Not being printed, it is impossible to determine whether its exclusion was prejudicial error. The excepting party is bound to see that the bill of exceptions includes all that is necessary to enable the court to decide whether the rulings of which he complains were or were not erroneous. Failing so to do, his exception must fail. *Gross* v. *Martin*, 128 Me., 445, 148 A., 680. *Richardson* v. *Lalumiere*, 134 Me., 224, 184 A., 392.

The remaining exception is directed generally and indiscriminately to the judgment below denying the appeal from the Probate Court of original jurisdiction without assignment of the specific error of law upon which the exceptant relies. It reads:

"At the conclusion of the hearing the Presiding Justice ruled 'Appeal denied.' To said ruling the appellant excepted and the exception was noted.

"Helen H. Bronson, the appellant, says said rulings were erroneous and prejudicial to her and she excepts thereto, and prays that her exceptions be allowed."

It is now well settled that this Court under R. S., Chap. 91, Sec. 24, has jurisdiction over exceptions in civil and criminal proceedings only when they present in clear and specific phrasing the issues of law to be considered. The presentation of a mere general exception to a judgment rendered by a justice at *nisi prius* is not sufficient under the statute. *Gerrish, Exr.* v. *Chambers et al.*, 135 Me., 70, 189 A., 187. An exception to a judgment rendered in the Supreme Court of Probate is within the rule.

*Appeal dismissed.*
*Exceptions overruled.*

(DUNN, C. J., having deceased, did not join in this opinion.)