NEWTON EDWARDS, APPELLANT

FROM

DECREE OF JUDGE OF PROBATE

IN RE

ESTATE OF HORACE WILLIAMS.

Kennebec.   Opinion, March 28, 1945.

*Sewall, Varney & Hartnett,* for the appellant, Newton Edwards.

*Ernest L. Goodspeed,* for the trustee.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

STURGIS, C. J. Appeal from decree of Judge of Supreme Court of Probate disallowing items in the account of a trustee and remanding the case to the Probate Court of origin for further proceedings. Motion to dismiss filed.

The Supreme Judicial Court sitting as a Law Court can hear and determine only those matters authorized by statute and brought to it through the statutory course of procedure. *Simpson* v. *Simpson,* 119 Me., 14, 15, 109 A., 254. And jurisdiction over a cause not legally before it does not exist and cannot be conferred by consent of the parties. *Hatch* v. *Allen,* 27 Me., 85; *Davis, ex parte,* 41 Me., 38; *Milliken* v. *Morey,* 85 Me., 340, 341, 27 A., 188. An appeal from the Supreme Court of Probate is within these rules. It is not authorized by statute and does not bring forward for review any phase of the case in which it is entered. *Cotting* v. *Tilton,* 118 Me., 91, 106 A., 113; *Tuck* v. *Bean,* 130 Me., 277,

155 A., 277; *Bronson, Appellant,* 136 Me., 401, 11 A., 2d, 613.

Nor has the law Court in this State supervisory jurisdiction over inferior courts under Section 7, Chapter 91, R. S. 1944. That is vested in the Supreme Judicial Court sitting at Nisi Prius. The Law Court is a court of review and not of original jurisdiction. It cannot extend its statutory powers. *Mather* v. *Cunningham,* 106 Me., 115, 75 A., 323. If this were not so the incongruity of invoking original jurisdiction by appeal is apparent.

When it is patent that jurisdiction is lacking decision is a nullity and proceedings must stop. *Kelley, Appellant,* 136 Me., 7, 1 A., 2d, 183. It is here so ordered.

*Case dismissed.*