HELEN H. CARROLL, LIBELLANT

*vs.*

VICTOR V. CARROLL, LIBELLEE

York.   Opinion, June 8, 1949.

*Lausier and Donahue*, for libellant.

*Waterhouse, Spencer and Carroll,*
*Titcomb and Siddall*, for libellee.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

MERRILL, J.   On motion to dismiss from the docket of this court.   The libellant, Helen H. Carroll, commenced divorce proceedings against the libellee, Victor V. Carroll, by libel inserted in a writ of attachment.   After hearing at the return term, the justice made the following notation on the back of the libel: "Hearing.   Denied A. B."   The libellant thereafterwards, and before the formal order dismissing the libel was entered, filed the following motion:

"SUPERIOR COURT — YORK COUNTY

No.                                    October Term, 1948

Helen H. Carroll v. Victor V. Carroll

And now said Helen H. Carroll after decree against her and before judgment, moves that said decree be set aside and a new trial granted, for the following reasons:

I.   Because it was against the law and the charge of the Justice

II.   Because it is against evidence

III.   Because it is manifestly against the weight of evidence in the case.

HELEN H. CARROLL

By LAUSIER & DONAHUE

Her Attorneys"

The case was brought to this court upon the foregoing motion, was entered at the January Law Term, 1949, and thence continued. On the twentieth day of April, 1949, the libellee filed a motion to dismiss the case from the docket of this court for the following reasons: 1. That the Motion for a New Trial was addressed to the Superior Court for the County of York and not to this court. 2. That no Bill of Exceptions to any rulings of the Superior Court thereon has been filed. 3. That this case is not properly upon the docket of this court for consideration. Hearing before this court was upon the libellee's said motion to dismiss.

There is no merit in the first reason for dismissal. It is evidently based upon the fact that the motion contains no *specific written address* to this court. In fact, examination of the motion discloses that it contains no specific written address, either to this court or to the presiding justice. Motions for new trials *in this form,* in appropriate cases, have been in use in this State, and have been accepted, treated as addressed to, and acted upon by this court for so many years that it is too late for us to now hold, except in cases where the same were presented to and acted upon by the Justice of the Superior Court, that they are addressed to him within the meaning of Rule XVII or R. S., Chap. 100, Sec. 60. Neither does the fact that the caption of the motion contains the words "Superior Court — York County" necessarily indicate that the motion was addressed to the Justice of the Superior Court. Motions for new trials in appropriate cases when addressed to the Law Court are filed in the Superior Court.

The careful practitioner might well commence his motion with a specific written address to the tribunal which is to pass upon it. Especially is this true when similar motions may be made to different tribunals at the election of the moving party. See R. S., Chap. 100, Secs. 59 and 60, Rule XVII. Motions without *specific written address,* in

cases to which the foregoing statutory provisions are applicable, have been universally received and accepted as addressed either to the Law Court or to the presiding justice, as provided in Rule XVII, depending upon whether they were presented to the former or the latter for action thereon. This treatment of such motions has continued unquestioned for so many years that it must now be considered as accepted practice in our courts. There being nothing in the record to show that this motion was ever presented to the presiding justice for action thereon by him, or that he ever ruled thereon, the motion bearing a notation "The pleadings, exhibits and testimony to constitute the printed case.", and the case having been printed and entered on the docket of this court, we hold that this motion by the libellant was addressed to the Law Court and not to the presiding justice.

There is no merit in the second alleged ground for dismissal, that no bill of exceptions to any rulings of the Superior Court on the motion for a new trial has been filed. The motion being addressed to this court and not to the presiding justice he had no occasion to rule thereon. We do not intend, however, to imply by the foregoing statement that such motion could properly be addressed to the presiding justice to be acted upon by him. Upon that question we intimate no opinion.

The motion to dismiss, however, must be sustained. This court has no jurisdiction to entertain or pass upon the merits of the motion for a new trial.

The Supreme Judicial Court sitting as a Law Court is of limited jurisdiction. As such, it is a statutory court and can hear and determine only those matters authorized by statute and brought to it through the statutory course of procedure. *Edwards, Appellant,* 141 Me. 219; 4 A. (2nd) 825; *Cole* v. *Cole,* 112 Me. 315; 92 A. 174. *Public Utilities Commission* v. *Gallop,* 143 Me. 290; 62 A. (2nd) 166. The motion for a new trial filed in this case is within these rules.

There is neither express nor implied statutory authorization for its use.

The Supreme Judicial Court sitting as a Law Court has no jurisdiction to entertain and pass upon such motions to set aside divorce decrees and grant new trials in divorce cases. The action of the presiding justice in granting or denying a divorce can be attacked in this court only for errors in law. Such errors can be presented to this court only by bills of exceptions and are not reached by motions. *Simpson* v. *Simpson,* 119 Me. 14; 109 A. 254.

The Supreme Judicial Court sitting as a Law Court does not have supervisory jurisdiction over inferior courts under R. S., Chap. 91, Sec. 7. That is vested in the Supreme Judicial Court sitting at *nisi prius.* Nor can this court sitting as a Law Court extend its statutory powers. *Edwards, Appellant, supra.*

It has been urged by the libellant that we should retain and determine the present motion under that portion of the last paragraph of R. S., Chap. 91, Sec. 14 reading as follows:

> "When the issues of law presented in any case before the law court can be clearly understood, they shall be decided, and no case shall be dismissed by the law court for technical errors in pleading alone, or for want of proper procedure if the record of the case presents the merits of the controversy between the parties."

The foregoing provision of the statute was not intended to confer, nor does it confer, jurisdiction upon the Law Court in cases over which it has no jurisdiction. A case presented to the Law Court over which it has no jurisdiction is not "before the Law Court." A motion for a new trial such as was filed in this case is not authorized by statute and does not bring forward for review by this court any phase of the case in which it is entered. A case brought to this court which is beyond our jurisdiction to hear and determine is

not "before the court." The proceeding so far as this court is concerned is a nullity. "When lack of jurisdiction is patent, proceedings stop." *Kelley, Appellant,* 136 Me. 7; 1 A. (2nd) 183, 184; *Edwards, Appellant, supra.* The libellee's motion to dismiss the case from the docket is sustained.

*Case dismissed.*