SEARS, ROEBUCK AND COMPANY

*vs.*

CITY OF PORTLAND

AND

CITY OF SOUTH PORTLAND

Cumberland.   Opinion, August 4, 1949.

*Richard M. Sullivan,*
*Philip F. Chapman, Jr.,* for plaintiff.

*Barnett I. Shur,* for defendant—City of Portland.

*George W. Weeks,* for defendant—City of South Portland.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, WILLIAMSON, JJ.

MERRILL, J. This is an appeal from a decree of a Justice of the Superior Court entered on a petition for a declaratory judgment. The cause was heard by the justice upon an agreed statement of facts and under a stipulation that all parties reserved the right to *except* or *appeal* in matters of law. The plaintiff, Sears, Roebuck and Company, a foreign corporation, maintained a retail store in the City of Portland and a storehouse in the City of South Portland. The storehouse contained goods, wares and merchandise upon which, based upon different valuations by the respective cities, the defendant, City of Portland, assessed a tax of $2,578.81, and the defendant, City of South Portland, a tax of $2,578.61. The plaintiff petitioned for a declaratory judgment determining which of the two defendants was entitled to levy a tax on the personal property.

In its Portland store the plaintiff conducted a retail business for the sale of personal property, consisting of goods, wares and merchandise. The goods, wares and merchandise in the storehouse in South Portland were kept for the purpose of supplying customers in Portland, South Portland and vicinity as a result of sales negotiated in the Portland store. The personal property stored in the storehouse in South Portland arrived directly at the storehouse from the various sources of supply of the plaintiff company. All deliveries of goods, wares and merchandise contained in the storehouse were made as the result of sales negotiated in the retail store in Portland. No prospective customers could examine merchandise or negotiate a purchase and sale of the merchandise at the storehouse in South Portland. About eighty-three per cent of the goods placed in the storehouse was delivered directly to the customer without being actually transferred to the Portland store. The remaining

seventeen per cent was from time to time moved to the Portland store.

It was stipulated:

> "The sole question is whether the personal property of the Plaintiff located in the storehouse in the City of South Portland is 'personal property employed in trade' in the City of South Portland or in the City of Portland within the meaning of Chapter 81, Section 13, sub paragraph I, Revised Statutes of Maine, 1944, and, therefore, legally taxable in either of said cities."

It was further stipulated that if said property in the storehouse was taxable in either city that the amount of the tax assessed, together with interest and costs, should be ordered paid to the city where taxable.

The justice found that the property in question was "personal property employed in trade" *in Portland* within the meaning of the statute and was there taxable; that it was not so employed or taxable in South Portland. The justice further ordered the plaintiff to pay the City of Portland the sum of $2,578.81, with interest and costs. This decree was dated the twenty-sixth day of January, 1949.

It is to be noted that the parties by stipulation reserved the right to *except* or *appeal* in matters of law. On the fourth day of February, 1949, the City of South Portland *appealed* from said decree and it is upon said *appeal* that the case is before this court.

In *limine* we are met by the question: Did the City of South Portland, *by appeal,* adopt the proper course of procedure to entitle it to a review of this decree? The jurisdiction of this court to hear and determine the cause depends upon the answer thereto.

In seeking the solution of this question, certain elementary principles must be kept in mind. This court has said many times, the Supreme Judicial Court sitting as a Law

Court is of limited jurisdiction. As such, it is a statutory court and can hear and determine only those matters authorized by statute and brought to it through the statutory course of procedure. *Edwards, Appellant,* 141 Me. 219; 41 A. (2nd) 825; *Cole v. Cole,* 112 Me. 315; 92 A. 174; *Public Utilities Commission* v. *Gallop,* 143 Me. 290; 62 A. (2nd) 166; *Carroll* v. *Carroll,* 144 Me. 171; 66 A. (2nd) 809.

At common law there was no right to review the decision of a court having jurisdiction over a cause, either by bill of exceptions or by appeal. The right to attack rulings upon questions of law by a bill of exceptions was introduced by the statute of Westminster II (St., 13, Edw. I c. 31). The history of this right of exception in lieu of, and supplementing the common law writ of error, and its extension by our statutes is exhaustively treated in *Colley* v. *Merrill,* 6 Me. 50; *Bridgton* v. *Bennett,* 23 Me. 420; and *McKown* v. *Powers,* 86 Me. 291; 29 A. 1079. This right to review by bills of exceptions is now preserved by the express provisions of R. S., Chap. 91, Sec. 14; R. S., Chap. 94, Sec. 14; R. S., Chap. 100, Sec. 39; and R. S., Chap. 95, Sec. 26.

"But for the statute there would be no right of exception and no Law Court." *Cole* v. *Cole, supra.* "While the statute grants the right to defeated litigants to bring their grievances to the Law Court for review, that is not a constitutional, nor even a common law right. The legislature has authority to repeal that statute, and withhold the right of an appeal or motion, (and we add, *exceptions*), and compel suitors to be content with results reached in the trial courts. Or the right may be granted subject to such restrictions, limitations and conditions as the legislature may annex." *Stenographer Cases,* 100 Me. 271, 275; 61 A. 782, 784; "The common law knows no right of appeal." *Simpson* v. *Simpson,* 119 Me. 14, 15; 109 A. 254, 255. These fundamental principles apply to declaratory judgments. *Murray Motor Co.* v. *Overby,* 217 Ky. 198; 289 S. W. (Ky.) 307.

The right to bring cases to the Law Court by bills of exceptions is general, and extends generally to all rulings of law in cases heard by a single justice. No statute specifically confers upon litigants such general right of appeal to the Law Court; nor is there any statute which confers upon the Law Court jurisdiction to hear and determine appeals in general, from which it might even be argued that the existence of a general right of appeal is inferentially granted to suitors in all cases. The right of appeal to the Law Court exists only in cases where it is *specifically* conferred by statute.

In equity cases, not only is there a statutory right to exceptions, R. S., Chap. 95, Sec. 26, but the right of appeal to the Law Court has been specifically granted, R. S., Chap. 95, Secs. 21 and 23. Furthermore, R. S., Chap. 91, Sec. 14, confers jurisdiction upon the Law Court to hear and determine all questions arising in equity cases. Reference to other instances where the right of an appeal to the Law Court is conferred by statute is unnecessary.

In this jurisdiction we have long had and recognized three distinct statutory methods for obtaining a review of cases by the Law Court, *motion, exceptions* and *appeal*. These various methods of obtaining a review by this court are not interchangeable and equally applicable to all cases. The method to be used depends not only upon the nature of the cause in which, but also upon the nature of the question of which the review is sought. As the right to review is wholly statutory, so too the method for obtaining the review is likewise regulated by statute. Only cases in which a statutory right of review before this court is granted can be heard and determined by the court, and then only when brought to the court by the course of procedure, that is, the method, authorized by a general or specific statute applicable to the particular cause of action and the nature of the question presented for review.

These requirements are jurisdictional, and the Law Court has no jurisdiction to consider a case upon "appeal" or "motion" which should be presented to it by "bill of exceptions." *Edwards, Appellant, supra; Bronson, Appellant,* 136 Me. 401; 11 A. (2nd) 613; *Tuck* v. *Bean,* 130 Me. 277; 155 A. 277; *Heim* v. *Coleman,* 125 Me. 478; 135 A. 33; *Tozier, Coll.* v. *Woodworth and Land,* 136 Me. 364; 10 A. (2nd) 454; *Simpson* v. *Simpson, supra; Carroll* v. *Carroll, supra.* When the remedy to obtain review is by bill of exceptions, and an appeal is erroneously taken, consent cannot confer jurisdiction. *English* v. *Sprague,* 32 Me. 243.

The plaintiff seeks relief under the "Uniform Declaratory Judgments Act," R. S., Chap. 95, Secs. 38-50, both inclusive. The Act provided an entirely new remedy, a form of relief not theretofore possessed by plaintiffs. *Maine Broadcasting Co., Inc.* v. *Eastern Trust and Banking Co.,* 142 Me. 220; 49 A. (2nd) 224. In doing so it was competent for the Legislature to withhold altogether the right of review, or to enact such restrictions and qualifications thereon as a prerequisite to the right as it saw proper, since the right of review by the Law Court is not a constitutional one but only a matter of grace. *Murray Motor Co.* v. *Overby, supra.* The right to review declaratory judgments is granted by Sec. 44 of the Act, which provides, "All orders, judgments, and decrees under the provisions of Sections 38 to 50, inclusive, may be reviewed as other orders, judgments, and decrees."

In all cases at law when court is held by a single justice his opinions, directions or judgments may be attacked by exceptions. See R. S., Chap. 94, Sec. 14; extended to hearings held, and judgments rendered in vacation. R. S., Chap. 100, Sec. 39. Such directions, judgments or opinions may be attacked only for errors in law. *Dunn* v. *Kelley,* 69 Me. 145; *Pettengill* v. *Shoenbar,* 84 Me. 104; 24 A. 584; *Ayer* v. *Harris,* 125 Me. 249; 132 A. 742. They cannot be reviewed on motion nor, in the absence of a specific statute, such as

applies to the denial of a motion for a new trial by the presiding justice in a felony case, can they be reviewed on appeal. *Carroll* v. *Carroll, supra; Simpson* v. *Simpson, supra; Edwards, Appellant, supra; Bronson, Appellant, supra; Tuck* v. *Bean, supra; Heim* v. *Coleman, supra; Tozier, Coll.* v. *Woodworth, supra.*

On the other hand rulings and decrees of a single justice *in equity* may be reviewed either upon exceptions or appeal.

The distinction between the right to a review of a final decision of the court below by the Law Court on appeal and the right to a review of such decision on exceptions is not merely one of nomenclature and procedure. Not only is the procedure different, but the scope of inquiry by the Law Court is different. Exceptions reach only errors in law. Exceptions when taken to findings of fact by a single justice must attack such findings because of, and reach only errors in law. There is no error in law in a finding of fact by a single justice unless such fact be found without any evidence to support it. Examples of the application of this rule by this court may be found in cases where we have applied it to the decision of a single justice hearing a case at law without the intervention of a jury. *Ayer* v. *Harris, supra;* to a decree of divorce, *Bond* v. *Bond,* 127 Me. 117, 129; 141 A. 833; and to the decree of a Justice of the Superior Court sitting as the Supreme Court of Probate, *Cotting* v. *Tilton,* 118 Me. 91, 94; 106 A. 113. The rule has been so universally applied by this court that citation of further authorities is unnecessary.

If exceptions to the decision of a single justice are brought to the Law Court, the effect of the exceptions is not to vacate the judgment to which they are taken, but to hold it in abeyance until the validity of the exceptions is determined, and if the exceptions are overruled, the judgment rendered by such single justice remains in full force and effect. On the other hand, ordinarily an appeal vacates the judgment below and the case when heard on appeal is

heard *de novo* and judgment is entered upon the new decision. As no right of appeal was known to the common law, and as its existence is only statutory, its effect must be determined from the statute which authorizes it. The effect of appeals upon the decision from which an allowable appeal is taken has been fully discussed by this court in the recent case of *Shannon* v. *Shannon,* 142 Me. 307; 51 A. (2nd) 181.

The distinction between appeals and exceptions is well illustrated in our equity practice. By R. S., Chap. 95, Sec. 26, aggrieved parties in an equity case may take exceptions to any ruling of law made by a single justice. Such exceptions are to be heard in the Law Court and decided like appeals "provided that no question of fact is open to the Law Court on such exceptions." See *Emery* v. *Bradley,* 88 Me. 357; 34 A. 167. Section 21 of the same chapter grants the right of appeal to the Law Court from final decrees of a single Justice in Equity.

In equity appeals to the Law Court, it hears the case anew upon the record. *Redman* v. *Hurley,* 89 Me. 428; 36 A. 906; *Trask* v. *Chase,* 107 Me. 137, 150; 77 A. 698, 704. "Upon the whole case the court is required to affirm, reverse or modify the decree of the court below, or remand the cause for further proceedings, as it may think proper; R. S. (1903), Chap. 79, Sec. 22. (Now R. S., Chap. 95, Sec. 21.)" *Trask* v. *Chase, supra.* "Decree shall be entered therein by a single justice, in accordance with the certificate and opinion of the Law Court." Sec. 21, *supra.* Although the findings of fact by the justice below will be conclusive unless clearly wrong, and the burden is on the appellant to prove it, *Young* v. *Witham,* 75 Me. 536; *Paul* v. *Frye,* 80 Me. 26; 12 A. 544, as said by the court in *Leighton* v. *Leighton,* 91 Me. 593, 603; 40 A. 671, 675: "Such is the general rule, but it does not necessarily require proof beyond a reasonable doubt. And sometimes circumstances and conditions are to be considered which prevent the rule applying

so literally as it otherwise would." This rule does not mean that the findings of fact of the justice below will not be reversed on appeal unless such findings constitute error in law. They may be disregarded on an appeal when clearly wrong. Not so when exceptions are taken to the decree, for by express statutory provision exceptions to a decree in equity reach only erroneous rulings of law.

From the foregoing consideration of the diverse nature of exceptions and appeals, and the powers of the Law Court respecting the same, it is seen that the rights of the parties, the nature of the review of a declaratory decree by this court, and the extent of our authority with respect thereto are affected and determined by whether the right to review such decree is on exceptions or by appeal. Therefore, while the question may be procedural in the general sense, as its solution determines the authority of this court to consider and decide the case, it is also jurisdictional.

In *Maine Broadcasting Co., Inc.* v. *Eastern Trust and Banking Co., supra,* we considered the real nature of a proceeding to obtain a declaratory judgment for the purpose of determining jurisdiction of the court below to hear the cause and declare the rights of the parties. We there held: "The purpose of this statute is not to enlarge the jurisdiction of the courts to which it is applicable but to provide a more adequate and flexible remedy in cases where jurisdiction already exists." And we further held: "It is plain from the whole statute that the remedy must be sought in the appropriate court and 'the nature of the case,' not the pleasure of the petitioner, is the test of the forum."

In that case the plaintiff sought a declaration as to its liability on a promissory note. We held that this question was a legal question, exclusively cognizable by the Superior Court, and that the proceeding for obtaining a declaratory judgment thereon was likewise exclusively within the jurisdiction of the Superior Court, and that the Supreme Judicial Court was without jurisdiction in the premises.

In the instant case the petitioner sought a judicial declaration as to which of the two defendant cities had the right to assess and collect a tax on the personal property in question. A tax on personal property creates a right in the taxing municipality, and subjects the owner to a duty.

The method of enforcing the collection of taxes is wholly statutory. There is no method of enforcing a tax on personal property in equity. The duty to pay and the right to collect such tax may be enforced *in the courts* only by an action at law, viz., an action of debt either in the name of the collector or of the municipality, under the prescribed circumstances set forth in the applicable statute, R. S., Chap. 81, Sec. 93 (collector), Sec. 131 (municipality). There being no right conferred upon municipalities or their collectors of taxes to enforce taxes assessed upon personal property in equity, no such right exists.

As the present petition is to obtain a declaration of a right enforcible only by an action at law, as distinguished from one in equity, the essential nature of the case is that of a proceeding at law rather than in equity. No question cognizable by a court of equity is presented by the petition in ths case.

Even as in *Maine Broadcasting Co., Inc.* v. *Eastern Trust and Banking Co.*, the nature of the proceeding determined *the jurisdiction of the court below* to consider and decide the case, so in this case the nature of the same determines the course of procedure for obtaining a review; and *the jurisdiction of this court* to consider and determine the case depends upon the use of the appropriate method to bring the case before us.

Section 44 of the Declaratory Judgments Act provides that "all orders, judgments, and decrees," under the Act "may be reviewed as other orders, judgments, and decrees." We interpret this to mean that the right of review granted by the Act as applicable to a specific case is the same as in

other cases of the same nature. We hold that the same method must be employed to obtain a review of orders, judgments and decrees of a justice made or rendered in proceedings for a declaratory judgment, as would have to be employed to obtain a review of orders, judgments and decrees made or rendered by a single justice in an action to enforce the right or obligation of which a declaration is obtained or sought to be obtained by declaratory judgment.

As a judgment enforcing the declared duty to pay and the corresponding right to collect the tax could only be recovered in an action at law, and as such judgment could not be reviewed by an appeal, the declaratory judgment declaring the same cannot be reviewed by appeal. This case should have been brought to this court upon a bill of exceptions not by an appeal. The appeal being unauthorized we have no jurisdiction to hear and consider the same.

This court being without jurisdiction to hear and determine the unauthorized appeal, it is a nullity. "When lack of jurisdiction is patent, proceedings stop." *Kelley, Appellant,* 136 Me. 7; 1 A. (2nd) 183, 184; *Edwards, Appellant, supra; Carroll* v. *Carroll, supra.* The fact that the jurisdictional question was not raised by the parties is of no importance. Absence of jurisdiction is apparent from an inspection of the record. Neither action nor inaction of the parties can confer jurisdiction upon this court to hear and consider cases. When the remedy to obtain a review is by bill of exceptions, and an appeal is erroneously taken, consent cannot confer jurisdiction upon this court. *English* v. *Sprague, supra.* It is the duty of this court when lack of jurisdiction to consider and decide the cause appears to dismiss the same of its own motion. We must dismiss the appeal.

As the dismissal of the appeal leaves the judgment below in full force, and as the question involved so far as it affects the course of procedure for the review of declaratory judgments is of novel impression, following the precedent

set in *McKown* v. *Powers, supra, in this particular case* in order not to take the parties by surprise, we have carefully examined the record and the most excellent and exhaustive briefs furnished by counsel for both parties and all authorities cited in the same, and we find no error in the ruling of the justice who heard the case; nor do we find that the legal rights of the defendant, City of South Portland, were prejudiced thereby. The result would be the same had it brought the case to this court on exceptions.

For the reasons heretofore stated the entry must be,

*Appeal dismissed.*