FREDERICK THOMAS GERRISH

*vs.*

J. WALLACE LOVELL, WARDEN

MAINE STATE PRISON

Kennebec.   Opinion, January 9, 1951.

PER CURIAM.

This is an application, referred to therein as a petition, for a writ of habeas corpus. It was presented to the Supreme Judicial Court of the State of Maine, sitting as a Law Court (hereinafter referred to as the Law Court), on the first day of the December 1950 session thereof begun and held at Augusta, Maine, on the second Tuesday of December, 1950. It was forwarded by mail in a letter addressed—

"To Maine Supreme Judicial Court
Att. Hon. Judge Harold H. Murchie
Augusta Maine".

The letter of transmittal stated that it was forwarded "to this Hon Court, in session, for hearing and disposition of the case,".

The application recited that duplicates thereof were being "forwarded and supplied" to the following named justices of the Maine Supreme Judicial Court — "Honorable, William B. Nulty, Raymond Fellows, Edward F. Merrill, Robert B. Williamson, Sidney St. Felix Thaxter." Each of these named justices received such duplicate applications.

With respect to applications for writs of habeas corpus, R. S., Chap. 113, Sec. 6 is as follows:

> "Sec. 6. *Application, how to be made.* Application for such writ by any person shall be made to the supreme judicial or superior court in the county where the restraint exists, if in session; if not, to a justice of either of said courts; and when issued by the court, it shall be returnable thereto; but if the court is adjourned without day or for more than 7 days, it may be returned before a justice of either of said courts, and be heard and determined by him."

This section of the statute is mandatory, and it is only to the courts therein specified or the justices thereof that applications for writs of habeas corpus may be made, and then only as therein provided.

The history of this statute illuminates its interpretation. By R. S., 1857, Chap. 99, Sec. 6 it was provided in part:

> "An application for such writ by any person shall be made to the supreme judicial court in the county where the restraint exists, if in session; if not, to a justice thereof;".

This same provision was continued in R. S., 1871, Chap. 99, Sec. 6.

By the act establishing a Superior Court for the County of Cumberland, P. L., 1868, Chap. 151, Sec. 5, concurrent original jurisdiction was conferred upon that court of proceedings in habeas corpus within said county. By the act establishing the Kennebec County Superior Court, P. L., 1878, Chap. 10, Sec. 5, concurrent original jurisdiction of proceedings in habeas corpus within that county was conferred upon that court.

In the revision of 1883, there then being two Superior Courts having concurrent original jurisdiction with the Supreme Judicial Court of proceedings in habeas corpus within their respective counties, and the Supreme Judicial Court having jurisdiction over such proceedings in all counties, it was provided therein, R. S., 1883, Chap. 99, Sec. 6:

> "Application for such writ by any person shall be made to the supreme judicial or superior court in the county where the restraint exists, if in session; if not, to a justice thereof;".

This provision was continued in R. S., 1903, Chap. 101, Sec. 6 and in R. S., 1916, Chap. 104, Sec. 6. In the Revision of 1930, Chap. 113, Sec. 6, the Superior Court of statewide jurisdiction having been established, the section took its present form, the last phrase above quoted, "if not, to a justice thereof," being changed to read, "if not, to a justice of either of said courts."

Prior to the establishment of the Superior Court, with statewide jurisdiction, in 1930, the statutes conferring jurisdiction upon the Supreme Judicial Court in matters of habeas corpus, and Sec. 6 which provided that applications should "be made to the supreme judicial or superior court in the county where the restraint exists, if in session," referred to the Supreme Judicial Court acting in its capacity as a court of original jurisdiction in session at *nisi prius,* as distinguished from the Law Court. As said in the very

recent case of *Carroll* v. *Carroll*, 144 Me. 171, 66 Atl. (2nd) 809:

> "The Supreme Judicial Court sitting as a Law Court is of limited jurisdiction. As such, it is a statutory court and can hear and determine only those matters authorized by statute and brought to it through the statutory course of procedure. Appeal of Edwards, Appellant, 141 Me. 219, 4 A. 2d 825; Cole v. Cole, 112 Me. 315, 92 A. 174; Public Utilities Commission v. Gallop, 143 Me. 290, 62 A. 2d 166."

A writ of habeas corpus for the purpose of testing the legality of a restraint is an original writ. If the court receives and acts upon an application therefor, if it issues or denies such writ, or if it determines the legality of the restraint in a hearing upon the writ and either discharges or refuses to discharge the person brought before it on such writ, such action on its part is the exercise of original jurisdiction. No statute in force at the time of the establishment of the Superior Court with statewide jurisdiction, by consolidation of the then existing Superior Courts and the conferring of additional powers upon the Superior Court, conferred such original jurisdiction upon the Law Court over proceedings in habeas corpus. The Law Court had no power or authority to issue original writs of habeas corpus and determine thereon the legality of the restraint of a person produced before it on such a writ issued by it. Such original jurisdiction was in the Supreme Judicial Court at *nisi prius* as distinguished from such court acting in its capacity as the Law Court.

The act establishing the new Superior Court with statewide jurisdiction did away with the necessity and occasion for the holding of regular sessions of the Supreme Judicial Court at *nisi prius*, and granted exclusive jurisdiction to the Superior Court over many of the matters which were theretofore within the jurisdiction of the Supreme Judicial

Court at *nisi prius*. Nevertheless, there remains in the Supreme Judicial Court jurisdiction and power to hold *nisi prius* sessions when occasion requires in matters over which that court now has original jurisdiction. Such sessions are occasionally held and when held the Supreme Judicial Court is in session.

The change in the court system and the establishment of the Superior Court of statewide jurisdiction did not confer upon the Law Court original jurisdiction over proceedings in habeas corpus. Nor has such jurisdiction been conferred upon the Law Court by any statute. Original jurisdiction over such proceedings still remains in the Supreme Judicial Court at *nisi prius*. R. S., Chap. 95, Sec. 1. Applications for habeas corpus made to the Supreme Judicial Court can only be made to that court when in session at *nisi prius*. R. S., Chap. 113, Sec. 6 when it uses the phrase "supreme judicial court x x x x if in session" means the Supreme Judicial Court sitting at *nisi prius* as distinguished from the Law Court. The Law Court has no jurisdiction over the application for a writ of habeas corpus presented to it by this applicant.

Nor would it avail the applicant anything if, contrary to his expressed intent, we were to treat one or all of the duplicate applications as applications made directly to one or all of the justices individually. No relief could be granted. The applicant did not comply with the provisions of R. S., Chap. 113, Sec. 8. He did not produce to the court or justices or anyone of them a copy of the precept by which he is restrained, attested by the officer holding him. Nor does he even set up the claim that the warden of the prison in whose custody he is "refuses or unreasonably delays to deliver to the applicant an attested copy of the precept by which he restrains him, on demand therefor," and that because thereof non-production of said copy may be dispensed with under the provisions of Sec. 10 of said chapter. It is not to be implied from the foregoing reference

to the applicant's failure to comply with the provisions of Sec. 8 that we consider that his application is otherwise sufficient or would entitle him to a writ. The question or questions involved therein are not before us for decision, and we neither express nor do we intimate an opinion thereon.

As the court sitting as a Law Court is without jurisdiction to act in the premises, the application should be dismissed, as distinguished from denied.

*Application dismissed.*

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.