CHANDLER W. ABBOTT *vs.* ALTON C. ABBOTT.

Knox. Opinion November 5, 1909.

*Exceptions. Right of Exception Limited to Parties. Statute, 1905, chapter 61. Revised Statutes, chapter 65, section 28 ; chapter 79, section 55 ; chapter 84, section 31.*

The right of exception in actions at law is limited to the parties to the action. A mere subsequent grantee of the property attached who appears only to oppose a motion for an order of notice has no right of exception if overruled.

On exceptions by defendant's grantee. Dismissed.

Assumpsit on account annexed and real estate attached. No service had been made on defendant before entry of the writ. Service was ordered but not complied with. A motion for a new order of service was then made and the defendant's grantee, S. J. Gushee, especially appeared and objected to the motion. His objection was overruled and thereupon he excepted.

The case is stated in the opinion.

*J. H. Montgomery*, for plaintiff.

*R. I. Thompson, and Arthur S. Littlefield*, for S. J. Gushee.

SITTING : EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, BIRD, JJ.

EMERY, C. J. In this action of assumpsit the writ is dated Feb. 6, 1904, and upon it is a return of a real estate attachment as made

VOL. CVI 8

Feb. 9, 1904. No service was made upon the defendant. The writ was entered at the April term, 1904, and the action remained upon the docket without valid service until the April term, 1909, although an order of service had been obtained at the September term, 1904, but not complied with. At the April term, 1909, the plaintiff moved for another order of service upon the defendant. Counsel appeared for Mr. Gushee, the defendant's grantee, "for the especial purpose of objecting to any order of service upon the defendant and for no other purpose." They objected to the motion, for order of service upon the ground that five years had then elapsed since the attachment was made without its having been brought forward by the register of deeds, whereby the attachment had expired and the court was bereft of authority then to make an order for service. This contention was overruled and Mr. Gushee excepted.

Counsel presumably assumed to appear and object to the motion under ch. 61 of Public Laws of 1905, enacted after the entry of the action and the granting of the first order of service. The language of the statute is : "No first order for service shall be made at any other than the return term ; and no subsequent order if any person objects thereto unless for good cause shown." That statute, however, does not provide that any person so objecting may have exceptions to the overruling his objection, nor is the right of exception a necessary incident of the right to object. The legislature may give the latter without giving the former. In cases in the probate court, the right of appeal is granted to "any person aggrieved." R. S., ch. 65, sec. 28. In actions at law, however, the right of exception is limited to "a party aggrieved." R. S., ch. 79, sec. 55. Mr. Gushee is not named in the writ as a party. He does not prosecute or defend the action. He does not appear to be interested in its subject matter. In fine, he is not "a party" within the statutory meaning of the term. *Reed* v. *Reed*, 25 Maine, 242 ; *Reed* v. *Canal Corporation*, 65 Maine, 53 ; *Martin* v. *Tapley*, 119 Mass. 116 ; In *Thomas* v. *Thomas*, 98 Maine, 184, the person excepting was the defendant himself, a party to the process. As a subsequent grantee, Mr. Gushee could have made himself a party (R. S., ch. 84, sec. 31) but he carefully refrained from doing so, and

declared that he appeared only to object. To extend to persons of his status the right of exception granted only to parties would be an act of usurpation and a fruitful cause of delay in legal proceedings.

We do not decide that the order of notice is valid or would be of any avail if complied with. We only decide that Mr. Gushee has no right of exception to the order.

*Exceptions dismissed.*