MARSHALL G. COLE, Libt.

*vs.*

LILLIAN COLE.

Kennebec.     Opinion November 14, 1914.

*Divorce.   Frivolous Exceptions.   Jurisdiction.   Revised Statutes, Chap. 79,*
*Secs. 56, 85.   Superior Courts.*

1.  The Justices of the Superior Courts have no jurisdiction under R. S., Chap. 79, Sec. 55, to certify to the Chief Justice of the Supreme Judicial Court exceptions adjudged to be frivolous and intended for delay, except in criminal cases.   Under R. S., Chap. 79, Sec. 84, exceptions may be so certified only in cases within the exclusive jurisdiction of the Superior Courts.
2.  The Superior Court of the county of Kennebec does not have exclusive jurisdiction of libels for divorce.
3.  The Law Court has no jurisdiction, except in cases brought before it in the manner provided by statute.
4.  The Law Court has no jurisdiction to consider and determine exceptions in a divorce case which were adjudged frivolous and intended for delay, and which have been certified by the Justice of the Superior Court for Kennebec county to the Chief Justice of the Supreme Judicial Court, to be argued in writing.

On exceptions by libelee.   The certificate discharged and exceptions stand to be certified to the clerk of next term of Law Court, under the provisions of Revised Statutes, Chap. 79, Sec. 44.

Libel for divorce pending in Superior Court for the County of Kennebec.   At the hearing, the exceptions by libelee were adjudged frivolous and intended for delay and were ordered to be transmitted to the Chief Justice of the Supreme Judicial Court to be argued on both sides in writing, within thirty days thereafter.

The case is stated in the opinion.

*Andrews & Nelson,* for plaintiff.

*Connellan & Connellan,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, BIRD, HALEY, PHILBROOK, JJ.

SAVAGE, C. J. This cause is a libel for divorce pending in the Superior Court for the County of Kennebec. In the course of the proceedings exceptions were taken by the libelee, which were adjudged to be frivolous and intended for delay, and which were ordered to be transmitted at once to the Chief Justice of the Supreme Judicial Court, to be argued in writing on both sides within thirty days thereafter. The regularity of this proceeding is challenged.

The taking and allowance of exceptions and their certification to the Law Court, or to the Chief Justice thereof, are wholly matters of statutory regulation. But for the statute there would be no right of exception, and no Law Court. The Law Court has jurisdiction only as conferred by statute. *Stenographer cases,* 100 Maine, 271. The Law Court has no jurisdiction, except in cases brought before it in the manner provided by statute.

It is not clear under what provision of statute the Justice of the Superior Court assumed to act in certifying the exceptions to the Chief Justice of this Court and ordering them to be argued in writing within a specified time. Some of the language used in the certificate seems to indicate that the Justice had in mind Sec. 55 of Chap. 79 of the Revised Statutes which provides for the certification to the Chief Justice of exceptions adjudged to be frivolous and intended for delay. But Sec. 55 relates, in civil cases, only to the procedure in the Supreme Judicial Court. The distinction is marked in the statute, for it is declared that the section is to apply "to exceptions filed in any criminal proceedings in either of the superior courts." The implication is that it does not apply in other cases. This is not a criminal proceeding.

The procedure relating to exceptions in the Superior Courts differs from that in the Supreme Judicial Court in several particulars. One noticeable difference is that in the Superior Courts, notwithstanding the filing of exceptions, in all cases, the case proceeds to trial as if no exceptions had been taken, until the case is in such condition that the overruling of the exceptions will finally dispose of it, R. S., Chap. 79, Sec. 85; while in the Supreme Judicial Court that procedure is ordered only when exceptions are taken to the overruling of a dilatory plea. R. S., Chap. 79, Sec. 56. Again, while it is provided in Sec. 84 of

Chap. 79 of the Revised Statutes that exceptions in the Superior Courts may be alleged, and certified to the clerk of the Law Court to be entered upon its docket, as in the Supreme Judicial Court, R. S., Chap. 79, Sec. 44, it is also provided in the same Sec. 84, that "all exceptions arising in cases within the exclusive jurisdiction of either of said superior courts may be certified at once by the justice thereof to the chief justice of the supreme judicial court, and shall, when so certified, be argued in writing on both sides within thirty days thereafter, . . . and exceptions so certified shall be considered and determined by the justices of the supreme judicial court as soon as may be." But this latter provision does not apply in this case. It applies only when a Superior Court has "exclusive jurisdiction." The Superior Court for Kennebec county does not have exclusive jurisdiction of libels for divorce.

We have found no provision of statute which authorizes a Justice of any Court to certify to the Chief Justice of the Supreme Judicial Court exceptions adjudged 'to be frivolous and intended for delay, except in Sec. 55, of Chap. 79, and that section applies in the Superior Courts only to criminal cases.

And it is proper to add that the irregularity in this case is not merely one of form. It is one of substance. Except in cases which are certified to the Chief Justice in accordance with some provision of statute, the excepting party has a right to be heard orally in argument before the Justices sitting together, and under such circumstances that the Justices may conveniently advise together upon the merits of the argument. This right is an important one, and a party ought not to be denied its exercise, except in cases where the statute authorizes the denial.

We think we have no jurisdiction to consider and determine these exceptions as they are now presented to us. The certificate must be discharged, and the exceptions stand to be certified to the clerk of the next term of the Law Court, under the provisions of Revised Statutes, Chap. 79, Sec. 44.

*So ordered.*