IN RE GEORGE R. HADLOCK, PETITIONER FOR AUTHORITY TO ERECT A FISH WEIR IN TIDAL WATERS.

Hancock.   Opinion, July 22, 1946.

*George R. Hadlock,*

*Blaisdell & Blaisdell,* for petitioner.

*Woodman, Skelton, Thompson & Chapman,* for Milton Lord.

Sitting: Sturgis, C. J., Thaxter, Hudson, Murchie, Tompkins, JJ.

Murchie, J.   The proceedings to which the bill of exceptions herein presented relates originated in petitioner's application to the Municipal Officers of the Town of Cranberry Isles for a license to erect a fish weir or trap in front of his shore in the tidewaters of Broad Cove within said town. The application being denied, he appealed to a "justice of the superior court" pursuant to R. S. 1944, Chap. 86, Sec. 7. The appeal is dated December 17, 1945, was filed December 19, 1945, and was heard near the premises on January 29, 1946, pursuant to order thereon. A decree entered February 1, 1946, directed the municipal officers to issue the license sought. Attested copies of that decree and the findings on which it was based were forwarded to the parties, i.e., the petitioner and municipal officers, on that day.

The bill of exceptions was filed on behalf of an owner of shore property bordering on the Cove. Counsel for the exceptant appeared at the hearing and raised objections both to the form of the application and to the granting of the license but took no formal action to make his client a party to the process. The bill presents the petition, appeal, exhibits presented at the hearing on the appeal, findings, decree and docket entries. In the findings it is recorded that no objections were presented at the hearing before the municipal officers; that thereafter two of them wrote certain summer visitors and received objections from them; and that the application was denied. The lack of a transcript of the oral evidence taken out before the justice who heard the appeal makes it impossible to consider whether any of his factual findings lack the support of credible evidence, but this is not material if the proceedings cannot be brought forward on exceptions. That is the issue to be resolved.

The licensing of fish weirs by general law traces back to the enactment of P. L. 1876, Chap. 78. Earlier regulation had prohibited the extension of stationary weirs "into more than two

feet depth of water at ordinary low water," R. S. 1871, Chap. 40, Sec. 34. The license law constituted municipal officers as the sole licensing authority for the construction of fish weirs in their cities and towns and charged them with the duty of determining whether a proposed weir would interfere with navigation or the rights of others. If not it gave them discretionary authority to issue a license. The language conferring discretion was stricken out by P. L. 1883, Chap. 239, wherein earlier restrictions were repealed and the granting of a license to one person for placing a weir in front of the shore of another without the owner's consent was prohibited. It was restored without express legislative sanction in the statutory revision of 1883 (R. S. 1883, Chap. 3, Sec. 60), where changed phraseology leaves the meaning and effect unaltered except for the restored discretion which has since received legislative sanction in numerous amendments of the law, the first of which appears in P. L. 1911, Chap. 110.

Until 1921 there was no appeal from the decision of the municipal officers but P. L. 1921, Chap. 135, provided that any person aggrieved by their decision "in either granting or refusing to grant a license" might appeal to the commission of sea and shore fisheries, and in P. L. 1935, Chap. 88, the appellate authority was changed to "any justice of the superior court." The 1921 law provided that the decision on the appeal should be communicated to the municipal officers promptly; should bind them; and that they should issue a license if so directed. Except for the period from 1921 to 1925 the 1876 law, as amended from time to time, has governed wharves as well as weirs and fish traps but since 1921 its provisions have been especially appropriate for structures designed for catching fish. This is particularly apparent in P. L. 1923, Chap. 127, which gave the owners of islands not within the jurisdiction of any town the power and authority of municipal officers in connection with fish weirs and traps, with the equivalent of an appeal to the director of sea and shore fisheries. That provision was left unchanged when the 1935 law, *supra* (Chap. 88), substituted a justice of the Superior Court for the

commission of sea and shore fisheries as the appellate authority for weir licenses within the limits of towns.

The statute has been construed on other points heretofore. *Donnell et al.* v. *Joy et al.*, 85 Me., 118, 26 A., 1017; *Perry et al.* v. *Carleton et al.*, 91 Me., 349, 40 A., 134; *Sawyer* v. *Beal et al.*, 97 Me., 356, 54 A., 848; *Dunton* v. *Parker et al.*, 97 Me., 461, 54 A., 1115; *McLellan et al.* v. *McFadden et al.*, 114 Me., 242, 95 A., 1025. These cases indicate that the rights of property incident to shore ownership stop at low water mark; that the requirement of a license for the erection of a weir is a valid regulation for the control of fisheries beyond that mark; that the limitation on the licensing authority imposed by R. S. 1944, Chap. 86, Sec. 11, is a real one; and that a license issued in defiance of it is no protection against the liability it imposes. *Whitmore* v. *Brown et al.*, 102 Me., 47, 65 A., 516, 9 L. R. A. (N. S.), 868, 120 Am. St. Rep., 454, decides that the rights intended to be safeguarded by the license requirement are such tangible ones as unobstructed navigation and fishing and not such intangible ones as unobstructed views or sightly prospects.

The present question has never been adjudicated in this jurisdiction or in any other so far as the researches of counsel for the parties disclose. The issue presented to the justice to whom the appeal was taken was between the petitioner and the municipal officers. The exceptant was not a party to it except so far as his property ownership in the vicinity gave him an interest which entitled him to have the licensing authority determine whether the proposed erection would interfere with his rights. It is only parties to litigation who have a right to take and prosecute exceptions to rulings of law in its course. *Reed* v. *Cumberland & Oxford Canal Corporation*, 65 Me., 53; *Abbott* v. *Abbott*, 106 Me., 113, 75 A., 323. The exceptant is undoubtedly a "person" who would have been entitled to appeal from a decision by the municipal officers granting the license, on the ground that he was "aggrieved" thereby, and one of the "parties interested" for whose benefit public notice of both hearings was required. As-

suming, without deciding, that in such a process one appearing to be heard and claiming to be affected becomes a party in the sense of the decisions restricting the right of exceptions to those who are parties, it would not affect the issue.

It is not always that parties whose rights are dealt with in the Superior Court, or by one of its justices, have a right to resort to this Court sitting as a Court of Law. In some instances the law expressly provides for the finality of decisions made by justices of the Superior Court. Instances are found in the handling of motor vehicle licenses, R. S. 1944, Chap. 19, Sec. 7, and in appeals from refusals to issue marriage licenses, R. S. 1944, Chap. 22, Sec. 114. The Law Court is a court of limited jurisdiction. *Stenographer Cases,* 100 Me., 271, 61 A., 782; *Cole* v. *Cole,* 112 Me., 315, 92 A., 174. Where resort to the Law Court is intended to be made available provision to that effect is set forth in the statutes. The right is conferred in civil and criminal proceedings generally by R. S. 1944, Chap. 94, Sec. 14. It is not claimed that the present proceedings fall in either of those classes. For all other matters resort must be had to the law authorizing the process. Illustrations of legislation making express provision for exceptions are found in the State Boxing Commission law, R. S. 1944, Chap. 78, Sec. 9; in that regulating the location of highways over railroad tracks, R. S. 1944, Chap. 84, Sec. 47; and in that allowing tax appeals, R. S. 1944, Chap. 81, Sec. 45. Sometimes the result is reached by declaration that appeal proceedings shall be according to the provisions of a law carrying that right. See R. S. 1944, Chap. 79, Secs. 53 and 55, where there is express provision for a stay pending appeal, and R. S. 1944, Chap. 84, Sec. 7, where there is not. In the law under consideration the decision of the municipal officers was final from 1876 to 1921 and that of the commission of sea and shore fisheries was equally final from 1921 to 1935. The 1935 law carries no suggestion that the decision of the justice of the Superior Court hearing an appeal is not intended to be equally final. The law as then rewritten provides for the same expedition in handling the matter ("in

term time or in vacation") as was available with a commission having no fixed terms. It contains the identical requirement and recital that the decision of the appellate authority shall be promptly communicated to the parties and that it shall bind the licensing authority charged to issue a license if so directed "within 3 days."

The endorsement on the bill of exceptions is "Exceptions allowed, if allowable." The statute makes no provision for their consideration. The mandate must be

*Exceptions dismissed.*