74 A.2d 225 (1950)
Ex parte SMITH.
Supreme Judicial Court of Maine.
June 20, 1950.
*227 Carl G. Smith, pro se.
Before MURCHIE, C. J., and THAXTER, FELLOWS, MERRILL, NULTY and WILLIAMSON, JJ.
MERRILL, Justice.
Carl G. Smith, the petitioner, was convicted in the Superior Court for our County of Cumberland at the May 1949 Term thereof, upon an indictment to which he pleaded guilty. Said indictment charged him with an escape from the Cumberland County Jail where he was being held for the grand jury in default of bail on a charge of felony. At said May Term, to wit, on the tenth day of May, A. D. 1949, he was sentenced to imprisonment at hard labor for not less than three and one-half years and not more than seven years, said sentence to be executed upon him within the precincts of our State Prison at Thomaston, in the County of Knox, and ordered to stand committed until he should be removed in execution of said sentence. Warrant of commitment issued May 10, 1949. The petitioner was committed to said State Prison where he is now confined in execution of said sentence.
On January 19, 1950, a writ of error was granted said petitioner to review the legality of his conviction and sentence. Hearing was had thereon before a Justice of the Superior Court, the said Smith being produced in person before said Justice on a writ of habeas corpus ad testificandum to enable him to be present at said hearing. After hearing, the writ was discharged and Smith alleged exceptions to this Court and the case is now pending in this Court on said exceptions.
In a letter dated May 4, 1950 addressed to Chief Justice Harold H. Murchie, Maine Supreme Judicial Court, the petitioner requested as a petitioner for redress leave to file "a petition for writ of Habeas Corpus ad. Testificandum in order that I may appear before this court as such time and place as the court may designate to present my arguments and evidence in support of my pending appeal for redress for the 7 year sentence under which I am confined.
"Hoping that this Honorable Court and justices thereof deem the request meet and proper."
On the day of the date of the above letter, to wit, May 4th, written brief and argument of the petitioner in support of his bill of exceptions was actually received and filed in the office of the Clerk of the Law Court in Portland. The exceptions will be in order for argument at the next term of this Court which is the June Term.
Although the letter itself, if strictly construed, is a request for leave to file a petition for habeas corpus ad testificandum, with the petitioner's consent, and at his request, we treat it as an actual petition therefor.
The record on the bill of exceptions has been duly filed in this Court and is in our possession. The cause is now before this Court as a court of law and is to be decided only upon such questions of law as are raised in and by the bill of exceptions.
The question before us on the present petition for a writ of habeas corpus is whether in this case the Court will issue a writ of habeas corpus to bring before us this petitioner, who is now committed to the State Prison and stands convicted of an escape, and who has already filed his written brief and argument in this Court, to enable him to orally argue in person his *228 bill of exceptions to the order discharging the writ of error.
In cases brought to this Court on bills of exceptions, there is no occasion for the testimony of witnesses, even of the parties to the cause. The case is heard upon the bill of exceptions as presented. In deciding the same we are confined to and cannot travel outside the bill of exceptions as allowed by the court below. Even the record of the court below, unless made a part of the bill of exceptions, is not open to our consideration. The proceedings before this Court on bills of exceptions are confined to arguments submitted in favor of and against the sustaining of the bill of exceptions.
In this case there is no occasion for the petitioner to be present in this Court for the purpose of giving evidence, and the writ cannot be issued to enable him so to do.
Neither the Constitution of the United States nor the Constitution of this State requires the personal presence in court of a person charged with crime when his case is argued before an appellate or law court upon a bill of exceptions taken in the court below. Unlike prosecutions for felony at nisi prius, the proceedings here may be conducted without the personal presence of either party. Schwab v. Berggren, 143 U.S. 442, 12 S.Ct. 525, 36 L.Ed. 218. Neither is the right to appear in person before an appellate court or, as here, a "court of law", and orally argue questions of law presented to it by bills of exceptions a right conferred upon the individual by the Constitution of the United States. Price, Petitioner v. Johnston, Warden, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356. Nor is such right conferred by the Constitution of this State.
The right to exceptions in this State is wholly a statutory right and does not exist except as conferred thereby. The right to exceptions can be wholly withheld, and if granted, its exercise may be regulated by such express restrictions as may be imposed in the law creating the right or as may be reasonably implied from it. If the right to exceptions can be wholly withheld, if granted, the method of the presentation of arguments in support thereof may be regulated either by such express restrictions as may be imposed in the law creating the right, by rule of court, or as reasonably required under the circumstances of the case to preserve the safety of the public.
Arguments before this Court upon bills of exceptions may be (a) written and oral, or (b) written. The choice of whether the case will be argued both in writing and orally, or only in writing, is for the parties. As said by this Court in Cole v. Cole, 112 Me. 315, 317, 92 A. 174, 175; "Except in cases which are certified to the Chief Justice in accordance with some provision of statute, the excepting party has a right to be heard orally in argument before the justices sitting together, and under such circumstances that the justices may conveniently advise together upon the merits of the argument. This right is an important one, and a party ought not to be denied its exercise, except in cases where the statute authorizes the denial."
The foregoing statement, however, must be interpreted in connection with the issue therein raised. In that case exceptions had been improperly certified to the Chief Justice to be argued in writing, without opportunity afforded for oral argument in behalf of the parties either in person or by counsel. The question involved in that case was not whether the parties had a right to argue their exceptions orally in person but whether all right to oral argument of a bill of exceptions, either in person or by counsel, could be denied. The case of Cole v. Cole, merely decides that, unless there by restriction imposed by statute, the right to an oral argument as well as a written argument exists, and it further holds that a denial of all opportunity for oral argument was error. In passing may we add that even though such right exists, it may be lost by failure to comply with the rule of court respecting the same.
In this State there is no general statute authorizing this Court, sitting as a court of law, to issue process in aid of its jurisdiction. R.S., Chap. 113, Sec. 37 has *229 been enacted and is now in force: "Habeas corpus may issue to bring a prisoner as a witness. A court may issue a writ of habeas corpus, when necessary, to bring before it a prisoner for trial in a cause pending in such court, or to testify as a witness, when his personal attendance is deemed necessary for the attainment of justice."
The foregoing statute is broad enough to allow this Court to issue a writ of habeas corpus if occasion arose in cases within its terms. The present case, however, is not within the terms of that statute because the petitioner is not to be tried in this Court in the hearing before us when his exceptions are argued, nor as we have hereinbefore pointed out, is there any occasion for him to testify as a witness before us.
We do not mean to deny that this Court in cases properly before it has inherent power to issue any process which may be necessary to enable it to exercise its jurisdiction as conferred upon it by statute. If such right does exist, the right is limited to cases of strict necessity and then only to enable the Court to function and exercise its powers as a statutory court and within its statutory jurisdiction.
Parties are authorized to plead and manage their own cases by R.S., Chap. 93, Sec. 23 which is as follows: "Parties may plead and manage their own causes in court or do so by the aid of such counsel, not exceeding 2 on a side as they see fit to employ;".
Under authority of this statute, parties are permitted and have the right to argue and manage their own cases before the courts and this is true whether the case be before a court at nisi prius or in an appellate or law court. Oral argument on appeal is not an essential ingredient of due process and it may be circumscribed as to prisoners where reasonable necessity so dictates. Price v. Johnston, supra. If circumstances in the interests of justice made the presence of one incarcerated in prison compelling, and if the circumstances were such that his presence in the law court was necessary to enable the court to function, and do justice, we should hesitate to hold that we were without power to issue process to bring such prisoner who had a case pending in this Court before us.
It has been for many years a practice in this State to submit cases upon written arguments alone. The petitioner in this case has already submitted a written argument to the Court. We do not find any circumstances in this case which would require us to exercise the extraordinary power of issuing a writ of habeas corpus, even if such power exists, to bring this prisoner before the Court to supplement his written argument by oral argument. It must be remembered that this prisoner has been convicted and is now imprisoned for making an escape from confinement. He has already been brought before the court at nisi prius by a writ of habeas corpus for the trial of his writ of error which was discharged. Competent counsel was assigned to him in the proceedings at nisi prius. He had had the aid of such counsel in prosecuting his writ of error, in drawing his bill of exceptions, and in the preparation of his argument before this Court. He states in his petition for habeas corpus that counsel so assigned to him exhibited to him his brief to be filed before this Court but stated he did not intend to argue orally. It has been accepted practice in this State for years to allow counsel to submit cases before this Court on written arguments alone. Now that the petitioner has personally taken over the conduct of his case before this Court, and has submitted his written argument in support of his bill of exceptions, we see no sufficient reason for the issue of a writ of habeas corpus to bring the respondent from the State Prison at Thomaston before this Court solely for the purpose of making oral argument therein. The application for the writ stated that it was for the purpose of presenting arguments and evidence in support of his pending appeal (bill of exceptions). As hereinbefore stated, no evidence is receivable in those proceedings, and the question before us is solely that of bringing him before the Court for the purpose of oral argument. The practice of bringing a prisoner confined in the State Prison before this Court, sitting as a court of law, to personally argue his *230 exceptions to the discharge of a writ of error by which he seeks his release from such imprisonment would be an undesirable practice, and one not to be encouraged. This is especially true of one who has already been convicted of and is now imprisoned for escape. While we do not foreclose or deny our power so to do, we should not exercise such power, if it exists, save under compelling contingencies and circumstances not easily foreseeable. No such circumstances exist in this case. Every legitimate right of the prisoner can be safeguarded by means much more consonant with the fair, seemly and wise administration of justice. See dissenting opinion of Mr. Justice Frankfurter in Price v. Johnston, supra. The writ as prayed for is therefore denied.
Petition denied.
Writ denied.