Hillsborough,
No. 4618.

STATE *v.* ALBERT LELAND GEDDES.

Submitted November 5, 1957.
Decided November 26, 1957.

*Louis C. Wyman,* Attorney General, and *William J. Deachman,* Assistant Attorney General, for the State.

*Craig and Craig* for the defendant.

BLANDIN, J. The defendant's claim that the indictment was insufficient and should have been quashed rests on the sole ground that it alleged commission of the crime of incest with the defendant's daughter "while the State proved that the crime was

[committed] with his stepdaughter." Since incest was not a crime at common law (42 C. J. S., Incest, *s.* 1 b), the question whether the indictment was proper is one of statutory interpretation. The controlling enactments so far as material read as follows: "No man shall marry his . . . wife's daughter . . . ." RSA 457:1. "Every marriage . . . within the degrees prohibited . . . is incestuous and void . . . ." RSA 457:3. "All persons within the degrees of consanguinity *or affinity* in which marriages are prohibited or declared by law to be incestuous, who shall . . . carnally know each other, shall be fined . . . or imprisoned . . . ." RSA 579:7 (Emphasis supplied). It appears clear that the purpose of these laws was not only to protect society against the evils of inbreeding but also against the socially and morally undesirable consequences of sexual relations under any circumstances between persons within the prohibited degrees of relationship. The use of the broader word "affinity" in addition to "consanguinity" is a plain indication that the Legislature intended to extend the prohibition beyond certain blood relationships to include persons, within specified degrees, who were related by marriage. The definition of affinity is "Relationship by marriage between a husband and his wife's blood relations." Webster, New International Dictionary (2nd *ed.* 1952), *p.* 43. See also, Bouvier, Law Dictionary (Rawles 3rd rev.) *pp.* 159, 160; *Commonwealth* v. *Wood,* 302 Mass. 265, 268.

We believe the indictment with its description of the child as the defendant's "daughter" set forth the crime accurately and with sufficient definiteness to enable him to prepare for trial, which is all that he is entitled to expect. *State* v. *Ellard,* 95 N. H. 217, 220; *State* v. *Ball,* 101 N. H. 62. Cases in other jurisdictions depending on different statutes and policies are not controlling here and the exception to the refusal of the Court to quash the indictment is overruled.

The defendant's final exception is to the ruling permitting the minor child to testify to self-incriminating matters concerning her relations with him. N. H. Const., Pt. I, *Art.* 15th. His difficulty is that he is in no position to take advantage of the constitutional rights of others. *State* v. *Desilets,* 96 N. H. 245, and authorities cited. VIII Wig. Ev. (3rd *ed.*) *s.* 2270.

*Exceptions overruled.*

All concurred.

ON MOTION FOR REHEARING. After the foregoing opinion was filed the defendant moved for rehearing upon the ground that the opinion failed to consider an exception allowed to the mother and natural guardian of the minor child. The exception was to a ruling which sustained objection to presentation by the mother, on behalf of the minor, of a claim of a privilege under *Art.* 15th, Part I, of the New Hampshire Constitution not to give testimony which might tend to incriminate the witness.

*William H. Craig, Jr.* for the motion.

BLANDIN, J. The law is well settled that a "witness is no legal party to the prosecution" (*State* v. *Flynn,* 36 N. H. 64, 69) and has no right which may be determined on review in the criminal action. "The only matter which a court of criminal appeals can review is whether error was committed against the accused, and, if so, whether the error was prejudicial." 3 Am. Jur. 414. See also, *Hadlock, Petitioner,* 142 Me. 116; 4 C. J. S. 543. If there was any violation of the witness' rights, protection may be afforded her should her testimony be offered against her. See 58 Am. Jur. 54, Witnesses, *s.* 55. Her rights must be adjudicated in other proceedings. *Id., p.* 72. See *Beauvoir* v. *State,* 148 Ala. 643, 653.

*Motion denied.*

December 31, 1957.