Herman COHEN et al.

v.

**BOARD OF SELECTMEN OF the TOWN OF KENNEBUNK et al.**

Supreme Judicial Court of Maine.

Aug. 12, 1977.

Murray, Plumb & Murray by E. Stephen Murray, Portland, for plaintiffs.

Smith, Elliott, Wood & Nelson, P. A. by Randall E. Smith, Saco, Drummond, Wescott & Woodsum by John A. Graustein, Portland, for defendants.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

POMEROY, Justice.

Appellee Littell received favorable action on his written application to the municipal officers of the Town of Kennebunk for a license to build a wharf in tidewaters within the limits of the town. All the proceedings were ostensibly had in accordance with 38 M.R.S.A. § 1022 (Wharves and Fish Weirs Statute). The granting of the license resulted from a majority vote of the five selectmen.[1]

Considering themselves to be "person[s] aggrieved by the decision of the municipal officers," three adjoining landowners and the two selectmen who had voted to oppose the issuance of a license seasonably appealed to the Superior Court. The Superior Court justice, on a 12(b)(6) motion, ruled that the two selectmen had no standing to appeal and that the three other appellants could not be considered persons aggrieved by the decision because they had not appeared at the hearing before the municipal officers. He thereupon dismissed the Rule 80B appeal.

It is the correctness of this ruling that is now challenged before us.

We sustain the appeal of the appellants Astrowski, Hamilton, and Brook. We deny the appeal of appellants Cohen and Slowik.

At the outset we find our jurisdiction to entertain this appeal challenged by appellees.

The statute [38 M.R.S.A. § 1022] referring to the appeal to the Superior Court which is there provided reads in part:

"This decision shall be binding on said municipal officers, who shall issue a license, if so directed by the decision of

said court, within 3 days after said decision has been communicated to them."

The statute contains no express provision for further appeal, and as this court said in *In Re Hadlock*, 142 Me. 116, 120, 48 A.2d 628, 631 (1946) with reference to this same language:

"In the law under consideration the decision of the municipal officers was final from 1876 to 1921 and that of the commission of sea and shore fisheries was equally final from 1921 to 1935. The 1935 law carries no suggestion that the decision of the justice of the superior court hearing an appeal is not intended to be equally final."

Similar language in other statutes has compelled us to decide that the legislature thereby intended to designate the Superior Court, rather than the Law Court, as the court of last resort with respect to action taken under such statutes. *Small v. Gartley*, Me., 363 A.2d 724 (1976); *Papapetrou v. Edgar*, Me., 290 A.2d 202 (1972).

In *Small* we pointed out that the legislature intended, by the use of language similar to that now before us, that the public agencies orders, decrees, and judgments

"within the periphery delimited by the legislative power grant, . . . when unreversed or unmodified *in the manner provided by the pertinent legislation*, have the effect of final judgments, and they cannot be attacked before a judicial forum other than that expressly set up by the Legislature, for some alleged error of law, even of constitutional dimension, which might have been corrected on proper application *to the court of last resort* provided under the statute." 363 A.2d at 729 (emphasis in original)

Of the correctness of these decisions we have no doubts.

 It is now clear that the correctness of the "decision of the municipal officers, in either granting or refusing to grant a

---

1. Action on a previous application had resulted in a 2–2 vote among the selectmen. In one of the points raised before us, the vote on the

second application is challenged. In view of the procedural posture of the case now before us, no discussion of this point is necessary.

license" is subject to one judicial review, and that in the Superior Court. From the decision of the Superior Court sustaining or overruling the decision of the municipal officers there is no further appeal.

■ In the case now before us, however, there has been no review of the correctness of the municipal officers' decision to grant the license. Appellants have been denied the opportunity to have the decision of the municipal officers reviewed because the Superior Court justice dismissed the 80B appeal on the grounds that the appellants had no standing. The appellants now before us seek to be heard only as to the Superior Court's decision that it could not review the decision of the municipal officers because the parties then before it had no standing to seek such review.

The above-quoted language of 38 M.R.S.A. § 1022 cannot reasonably be read as denying us jurisdiction to pass on the very limited question of the correctness of the Superior Court's determination that the appellants had no right to have the decision of the municipal officers reviewed.

We conclude the case is properly before us.

■ There is nothing in the appeal provision of 38 M.R.S.A. § 1022 which grants appeal rights only to those persons who have appeared before the municipal officers at the hearing on the license application. The statute grants appeal rights to "any person aggrieved by the decision of the municipal officers." The three appellants—Astrowski, Hamilton, and Brook—allege themselves to be "persons aggrieved." As such, they had the right to appeal to the Superior Court from the decision of the municipal officers, notwithstanding the fact they had not appeared before the municipal officers at the hearing held on the license application. It was error for the Superior Court to have dismissed their appeal.

■ A different problem is presented with reference to the other two appellants. Both were municipal officers at the time the application in question was acted upon, and both voted against granting the license. In addition, both represent themselves in their individual capacities to be users of the river and thereby it is claimed they are "persons aggrieved" within the meaning of the statute.

The license application with which we are concerned was addressed to the municipal officers. 38 M.R.S.A. § 1022. Both Cohen and Slowik were at that time municipal officers. As municipal officers they were charged with deciding whether "such erection or extension would not be an obstruction to navigation or injury to the rights of others." Thus, it is clear that while acting as such municipal officers, they were acting in a quasi-judicial capacity, sitting as factfinders in the discharge of an important government function entrusted to the governmental unit of which they were members. If indeed they had an interest in the proceedings which directly affected them in their property interests, it was their rather obvious obligation to avoid the conflict of interest by recusing themselves from the factfinding proceeding. By sitting on the board during the hearing and participating, we are forced to assume that they waived the right to complain with respect to any personal interests they had. Neither municipal officer who participated in the factfinding determination with respect to the license could now be considered as proper appellants with respect to their individual interests apart from their membership on the board of selectmen.

■ In their capacities as municipal officers, we conclude that the dissenting selectmen have no standing[2] to appeal the decision of the board of which they were a part. The statute, 38 M.R.S.A. § 1022, contains no provision, either expressly or by implication, conferring a right of appeal to the courts either to the municipal officers as a unit or

2. This concept was described by Professor Freund as "among the most amorphous in the entire domain of public law." *Hearings on S. 2097 Before the Sub-comm. on Constitutional Rights of the Senate Comm. on the Judiciary*, 89th Cong., 2d Sess., pt. 2, at 498 (1966). *See* 83 Yale L.J. 425 (1974).

856

any members thereof. *See Maryland Board of Pharmacy v. Peco, Inc.*, 234 Md. 200, 198 A.2d 273 (1964); *McTaggert v. Public Service Commission*, Mont., 541 P.2d 778 (1975); *State v. Melcher*, 118 Ohio App. 37, 188 N.E.2d 293 (1963). Appeal rights, under the statute, are granted only to "any person aggrieved" by the decision of the municipal officers. Neither the Board of Selectmen nor any dissenting member thereof can be considered such person aggrieved. The presiding justice was correct in dismissing the appeal as to them.

The entry must be:

Appeal sustained as to appellants Astrowski, Hamilton, and Brook.

Appeal denied as to appellants Cohen and Slowik.

All Justices concurring.