STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-081
AP-06-014

DONALD L. GARBRECHT
LAW LIBRARY

MAY 16 2007

DANA J. WILLIS, Trustee of
the Dana J. Willis Trust,

Plaintiff

v.                                          **ORDERS AND DECISION**

TOWN OF YORK,

Defendant

In AP-04-081 Dana Willis, as trustee of the Dana J. Willis Trust, has challenged a decision of the Town of York Harbor Board which denied his request for approval to construct a dock, ramp and float on property owned by the Trust at 121 Western Point Road on the York River in York. In AP-06-14 he has appealed in the same capacity from a decision of the York Board of Appeals which denied the appeal from a denial of a building permit by the York Code Enforcement Officer. These appeals have been consolidated, briefed and argued.

These appeals demonstrate the time consuming costly labyrinthine process of evaluating whether the pier, ramp and float should be built. Mr. Willis has already received a required federal permit from the United States Army Corps of Engineers and the required state permit from the Maine Department of Environmental Protection. He has yet to apply to the York Selectmen for a permit under the Wharves and Fish Weirs statute, 38 M.R.S.A. §1022, and *Cohen v. Board of Selectmen of the Town of Kennebunk*, 376 A.2d 853 (Me. 1977). These appeals deal with which York town official or board has the jurisdiction and duty to act upon requests for building permits for docks or piers in the

tidal rivers and harbors in York. The appeals also examine whether the boards and town officials acted properly in their attempts to properly interpret and apply the not always clear ordinances.

The first appeal, which has a lengthy history, ultimately involves a decision by the York Harbor Board, affirming a decision by the York Harbor Master, to deny the request based on the belief that the proposed structures would essentially unreasonably interfere with navigation. Regardless of whether that decision was based on substantial evidence neither the Harbor Board nor the Harbor Master had the authority to make such determinations in the context of a request to build a new pier. Local decisions, separate from the federal and state requirements, rest with the Code Enforcement Officer and Selectmen.

A review of the Harbor Ordinance for the Town of York demonstrates that there is no grant of authority, 38 M.R.S.A. §2, to the Harbor Board or Harbor Master to review, grant or deny permit application for the construction of new piers. In a section entitled Public Floats, Piers, Wharves and Landings there is no grant of authority to regulate new construction. Likewise there is nothing in the provisions regarding anchorage or berths that is relevant to the facts of this case.

There is one section entitled "Construction" that might give the Harbor Master and Harbor Board authority here. That section states "It shall be unlawful to make new construction of, or additions, alterations or changes to, existing structures within the jurisdictional limits of this ordinance, without prior review by the Harbor Board to assure that the change will not create a hazard to navigation. This provision shall not prohibit normal repairs and maintenance to existing structures. For purposes of this provision, "existing structures" shall include, but not be limited to, any float, moored float, pier, wharf or landing." While this language is not entirely clear the wording and

2

punctuation indicate that the Harbor Board has authority over new construction of (a rebuilding), additions to, alterations to or changes to existing piers or wharves that go beyond normal repairs and maintenance. The Board, and the Harbor Master, are not granted authority over the permitting of entirely new structures. Those decisions are made by federal and state officials plus the town selectmen, 38 M.R.S.A. §1022, and the code enforcement officer. Section 8.3.6.7 of the York Zoning Ordinance. Ample review, including ample local review, exists.

The second appeal also has a complex history. In the end the Board of Appeals denied the administrative appeal from a denial by the Code Enforcement Officer of a request for a building permit because the Trust had failed to demonstrate sufficient right, title and interest in the property where the pier would be built.

The "right, title and interest" requirement is the same as administrative standing, See *Murray v. Inhabitants of the Town of Lincolnville*, 462 A.2d 40, 42 (Me. 1983) which requires the applicant for a permit to use properties to have "'the kind of relationship to the site'... that gives him a legally cognizable expectation of having the power to use that site in the ways that would be authorized by the permit or license he seeks."

In this case the Trust has a warranty deed to the property and presented other evidence in support of its claimed title. It is not for the Code Enforcement Officer or the Board of Appeals to give a title opinion or examine whether there are potential problems with the language in the deed or with complex title questions regarding land near, at or below the water's edge. The deeds and other evidence that was presented was sufficient. Possible title issues should not have been used as a reason to deny the requested building permit. Also see *Rockland Plaza Realty Corp. v. LaVerdiere's Enterprises*, 531 A.2d 1272, 1273-4 (Me. 1987), which stated "...the Planning Commission was not the proper forum to determine existing property rights in the narrow strip of

3

land ...." Also see *Southridge Corp. v. Board of Environmental Protection*, 655 A.2d 345, 348 (Me. 1995).

The entries are:

The decision of the York Harbor Board in AP-04-81 is reversed.

The decision of the York Board of Appeals in AP-06-14 is reversed. Remanded to the Board of Appeals for further remand to the Code Enforcement Officer for issuance of a building permit.

Dated:     September 22, 2006

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF:
DAVID A SOLE ESQ
GREGORY CUNNINGHAM ESQ
BERNSTEIN SHUR SAWYER & NELSON
PO BOX 9729
PORTLAND ME   04104-5029

DAVID J BALLOU ESQ
BALLOU & BEDELL
PO BOX 2000
YORK ME   03909


DEFENDANT:
SUSAN B DRISCOLL ESQ
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME   04043-6658

4