[No. E039093. Fourth Dist., Div. Two. Nov. 27, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
GERRY GLENN SCOTT, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part III.B.

## COUNSEL

William Flenniken, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorney Generals, Robert R. Anderson and Dane R. Gillette, Chief Assistant Attorneys General, Gary W. Schons, Assistant Attorney General, Steve Oetting and David Delgado-Rucci, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KING, J.—**

### I.  INTRODUCTION

A jury found defendant guilty of violating Penal Code section 285[1] (incest), based on evidence that he had sexual intercourse with his 18-year-old daughter. In a bifurcated trial, the trial court found that defendant had one prior strike conviction, a 1991 robbery conviction. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).) Defendant was sentenced to six years in prison, consisting of the aggravated term of three years doubled to six years based on

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

the prior strike conviction.[2] Defendant appeals. Relying on *Lawrence v. Texas* (2003) 539 U.S. 558 [156 L.Ed.2d 508, 123 S.Ct. 2472] (*Lawrence*), defendant contends that his section 285 (incest) conviction violates his Fourteenth Amendment due process rights because the statute criminalizes sexual intercourse between consenting adults. For the reasons that follow, we reject this contention and affirm the judgment.

## II.   STATEMENT OF FACTS

Defendant's daughter, Jane Doe, turned 18 years old in December 2004. Several days later, on December 22, Doe celebrated her birthday at her sister's house. Doe's mother, defendant, and other family members attended the birthday party. Doe was raised by another relative and saw defendant only occasionally during her childhood. After the party, between 12:00 a.m. and 1:00 a.m., defendant asked Doe to accompany him to his house, a few blocks away. He explained that his girlfriend, Deshawn Smith, with whom he had lived for 15 years, probably would not let him in the house unless Doe was with him. Doe agreed to go with defendant.

At defendant's house, Smith allowed defendant and Doe inside after she saw that Doe was with defendant. Smith smelled alcohol on defendant and on Doe, and saw that defendant had a drink in his hand. Smith was upset with defendant because he had been gone for several hours, he had been in the company of his "ex-girlfriend," Doe's mother, and he had been drinking. Inside the house, defendant made two more drinks. Smith told defendant that he needed to stop drinking because he had to work in the morning.

Smith went to sleep on a couch in the living room, while her and defendant's four-year-old daughter was asleep on another couch nearby. Defendant and Doe went into defendant's bedroom, one of two bedrooms in the house, to get some socks for Doe to wear. Doe was planning to spend the night, so she lay down, fully clothed, on the bed in defendant's bedroom. Defendant turned on a radio in the bedroom.

At some point, defendant got into bed with Doe and put his arm around her waist. Doe was lying on her side, facing away from defendant. Doe tried to move away from defendant, but he kept his arm around her. Next, he unbuckled her pants and put his finger into her vagina. At this point, Doe was

---

[2] In addition to incest (§ 285; count 3), defendant was charged with one count of rape (§ 261, subd. (a)(2); count 1) and one count of sexual penetration by a foreign object (§ 289, subd. (a)(1); count 2). A mistrial was declared on the rape and sexual penetration charges after the jury was unable to reach a verdict on these charges. Following a retrial on both charges, a second jury was unable to reach a verdict and the charges were dismissed.

quietly crying and "scared" of defendant, but she did not say anything. Next, defendant pulled her pants down and had intercourse with her for approximately two minutes.

Immediately afterward, Doe got out of bed and tried to leave the house, but she did not have a key to unlock the front security door. She tried to awaken Smith to let her out, but Smith did not wake up. Defendant then came out of the bedroom and unlocked the door for her. As he did so, he told her not to say anything to anyone. Doe walked back to her sister's house. She was crying and visibly upset when she arrived, and her mother asked her what had happened. When she did not answer, her sister called the police.

Doe hesitated to tell her family or the police what had happened at defendant's house, but eventually she told them. She was taken to a hospital, where a sexual assault examination was conducted at approximately 5:30 a.m. The examination revealed the presence of two vaginal injuries—an abrasion and a hemorrhage—and nonmotile or inactive sperm. The findings were consistent with Doe having nonconsensual sexual intercourse only four or five hours earlier, but they were also consistent with her having consensual or nonconsensual sex within the previous several days.

Defendant testified in his defense. He explained that he fell asleep in his bed and, after he woke up sometime later, he thought that Smith was in bed with him. He had intercourse with Doe for less than one minute and stopped immediately when he realized that Doe was not Smith. He did not ejaculate.

## III. DISCUSSION

### A. *Defendant's Incest Conviction Does Not Violate His Federal Due Process Rights*

■ Relying on *Lawrence, supra,* 539 U.S. 558, defendant contends that section 285 violates his due process rights under the Fourteenth Amendment because it criminalizes incest between consenting adults.[3] We reject this contention.[4]

---

[3] Section 285 criminalizes incest, whether consensual or nonconsensual. It provides: "Persons being within the degrees of consanguinity within which marriages are declared by law to be incestuous and void, who intermarry with each other, or who being 14 years of age or older, commit fornication or adultery with each other, are punishable by imprisonment in the state prison." Family Code section 2200 declares what marriages are considered incestuous and void. It provides: "Marriages between parents and children, ancestors and descendants of every degree, and between brothers and sisters of the half as well as the whole blood, and between uncles and nieces or aunts and nephews, are incestuous, and void from the beginning, whether the relationship is legitimate or illegitimate."

[4] Before trial, defendant demurred to the section 285 charge on the grounds it was unconstitutional based on *Lawrence, supra,* 539 U.S. 558. The demurrer was overruled. Defendant has thus preserved the issue for appeal.

In *Lawrence,* the high court held that a Texas statute, which criminalized sodomy between consenting members of the same sex, violated the person's due process rights under the Fourteenth Amendment. (*Lawrence, supra,* 539 U.S. at pp. 564–579.) The court framed the issue as "whether the majority may use the power of the State to enforce [its moral] views on the whole society through operation of the criminal law." (*Id.* at p. 571.) And in reaching its conclusion, the court noted "an emerging awareness that liberty gives substantial protection to adult persons in deciding how to conduct their private lives in matters pertaining to sex." (*Id.* at p. 572.) The court also noted that, in its previous decision in *Planned Parenthood of Southeastern Pa. v. Casey* (1992) 505 U.S. 833 [120 L.Ed.2d 674, 112 S.Ct. 2791], it "reaffirmed the substantive force of the liberty protected by the Due Process Clause," and "confirmed that our laws and tradition afford constitutional protection to personal decisions relating to marriage, procreation, contraception, *family relationships,* child rearing, and education." (*Lawrence, supra,* at pp. 573–574, italics added.)

Despite the *Lawrence* court's broad pronouncements regarding the liberty interests of persons "in matters pertaining to sex" (*Lawrence, supra,* 539 U.S. at p. 572), *Lawrence* dealt only with sodomy between consenting adults of the same sex. It did not deal with other "matters pertaining to sex," including consensual incest between adult members of the opposite sex who are related by consanguinity.[5] Indeed, the court emphasized the limited nature of its holding by noting that the case before it did not involve, among other things, "persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused." (539 U.S. at p. 578.) This aptly describes adult daughters, who are typically in positions of vulnerability vis-à-vis their older, and thus more authoritative fathers, "in matters pertaining to sex."

Moreover, the court in *Lawrence* held that the Texas statute was unconstitutional, not because sodomy between consenting adults is a fundamental right (*Lawrence, supra,* 539 U.S. at p. 586 (dis. opn. of Scalia, J.)), but because the statute "furthers no legitimate state interest which can justify its intrusion into the personal and private life of the individual." (*Id.* at p. 578.) *Lawrence* thus "did not announce . . . a fundamental right . . . for adults to

---

[5] We presume for purposes of defendant's argument that the intercourse between himself and Doe was consensual. Consent is not a defense to incest (*People v. Stratton* (1904) 141 Cal. 604, 608–609 [75 P. 166]; § 285), and the jury made no finding that the intercourse between defendant and Doe was not consensual.

engage in all manner of consensual sexual conduct, specifically in this case, incest." (*Muth v. Frank* (7th Cir. 2005) 412 F.3d 808, 817.) And, although there was no rational basis for the Texas statute in *Lawrence*, there is a rational basis for criminalizing incest, specifically between consenting adults of the opposite sex who are related by consanguinity (e.g., fathers and daughters) as the present case involves.

■ Like other states, California has a legitimate interest in maintaining the integrity of the family unit, in protecting persons who may not be in a position to freely consent to sexual relationships with family members, and in guarding against inbreeding. (*State v. Freeman* (2003) 155 Ohio App. 3d 492, 497 [2003 Ohio 6730, 801 N.E.2d 906] [incest laws serve legitimate state interest of protecting integrity of family unit]; *Smith v. State* (Tenn.Crim.App. 1999) 6 S.W.3d 512 [incest is punished, among other reasons, to promote and protect family harmony and to protect children from the abuse of parental authority]; *State v. Kaiser* (1983) 34 Wn.App. 559, 566 [663 P.2d 839] [incest statute prevents mutated births]; *State v. Geddes* (1957) 101 N.H. 164, 165 [136 A.2d 818] [same].) Section 285 serves these purposes.

■ We note that in *State v. John M.* (2006) 94 Conn.App. 667 [894 A.2d 376], a Connecticut appellate court declared that state's incest statute unconstitutional on equal protection grounds. Here, however, defendant does not challenge section 285 on equal protection grounds. Moreover, the incest statute in *John M.* applied to persons related by affinity as well as consanguinity, and to persons of the opposite sex but not to persons of the same sex. Thus, the *John M.* court found that the statute did not serve the state's *sole* justification for it—the protection against inbreeding—because it clearly applied to persons incapable of inbreeding. (*Id.*, 894 A.2d at p. 392.) Section 285 does not suffer this infirmity, because it applies only to persons related by consanguinity and who are of the opposite sex. (Fam. Code, § 2200; Pen. Code, § 285.) Thus, Penal Code section 285 serves the state's legitimate interest in protecting against inbreeding, as well as its legitimate interests in protecting the integrity of the family unit and protecting persons who may not be in a position to freely consent to sexual relationships.

B. *The Upper Term of Three Years Was Properly Imposed**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 189.

## IV.   DISPOSITION

The judgment is affirmed.

McKinster, Acting P. J., and Gaut, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 12, 2008, S159665. Moreno, J., did not participate therein.